IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> PERFX WIRELINE SERVICES, LLC <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No.: 6:21-cv-00371-ADA |

## OPPOSED MOTION TO TRANSFER VENUE FOR POTENTIAL CONSOLIDATION UNDER 28 U.S.C. § 1404(a) AND FED. R. CIV. P. 42(a)

This Court has already transferred one, later-filed DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (together "DynaEnergetics") suit for consolidation with an earlier-filed case under the first-to-file rule. *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, Case No. 6:20-cv-00069-ADA, 2020 WL 3259807, at *1 (W.D. Tex. Jun. 16, 2020). In that case, the Court found substantial overlap where two actions involved the same parties, the same patents, the same inventors, the same accused products, the same technology, and the same field, and the same outcome is warranted here. *Id.* at *5. Six months ago to the day, PerfX Wireline Services, LLC ("PerfX") filed its declaratory judgment action of noninfringement of U.S. Patent No. 10,844,697 (the "'697 Patent") in the District of Colorado against DynaEnergetics and has since filed to amend that complaint to add claims of noninfringement of U.S. Patent No. D904,475 (the "'475 Design Patent"). **Ex. A**, *PerfX Wireline Servs., LLC v. DynaEnergetics US, Inc.*, No. 1:20-cv-03665-MEH (D. Colo.) ("*Colorado Action*"), *Complaint*; **Ex. B**, *Colorado Action, Motion to Amend Complaint*. DynaEnergetics US, Inc. is a Colorado corporation, making it domiciled in that state, and PerfX's

1

principal place of business is in Colorado. Dkt. No. 1, at ¶¶ 2–3. DynaEnergetics Europe GmbH is an entity organized under the laws of Germany, and venue is proper in any district. *Id.*, at ¶ 1. Thus, this case could have (and was) brought in the District of Colorado. Yet, DynaEnergetics persists in improperly filing duplicative litigation involving the same patents, same inventors, same parties, and same accused products, wasting the Court's and the parties' resources. Because there is substantial overlap between this case and the prior action filed in Colorado, and because Colorado is clearly a more convenient forum for this case, the Court should transfer this action to Colorado[1] for consolidation with the previously filed action.

I. **FACTUAL BACKGROUND**

This dispute originated when DynaEnergetics sent PerfX a letter on September 11, 2020, to its home office in Denver, Colorado, claiming PerfX's XConnect system allegedly infringed U.S. Patent Publ. No. 2020/0032626 (later issuing as the '697 Patent). **Ex. C**, *Sept. 11 Corresp.* DynaEnergetics sent an email on November 25, 2020, advising PerfX that the '697 Patent issued along with a claim chart setting forth DynaEnergetics' belief as to how the XConnect system infringed the '697 Patent. **Ex. D**, *Nov. 25 Corresp.* Given the substantial controversy that had arisen, PerfX filed a declaratory judgment action of noninfringement on December 15, 2020, in the District of Colorado against DynaEnergetics US, Inc. (a Colorado corporation), DynaEnergetics Europe GmbH (a German entity), and their parent DMC Global, Inc. (a Delaware corporation with its headquarters in Colorado). **Ex. A**.

On February 12, 2021, DynaEnergetics filed its Answer to the declaratory judgment action and counterclaimed patent infringement, claiming the XConnect system infringed the '697 Patent.

---

[1] To the extent the Court is inclined to decline to transfer, it should stay this case until the first-filed court—the District of Colorado—has had an opportunity to rule on DynaEnergetics' pending motion to transfer. *Hunting Titan*, 2020 WL 3259807, at *1.

**Ex. E**, *Colorado Action, Counterclaim*. In addition to its counterclaim, DynaEnergetics also filed a motion to transfer the case to this Court under 28 U.S.C. § 1404 and a motion to dismiss the parent entity, DMC Global, Inc. **Ex. F**, *Colorado Action, Motion to Transfer*; **Ex. G**, *Colorado Action, Motion to Dismiss*. The parties finished briefing those motions on March 19, 2021, and they are pending a ruling from the District of Colorado.

Four months after PerfX filed its declaratory judgment action in Colorado, and after filing its counterclaim and transfer motion, DynaEnergetics filed this largely duplicative case, asserting the same accusation that the XConnect system infringed the '697 Patent. DynaEnergetics also added one claim of infringement of the '475 Design Patent relating to a component of the same XConnect system. The '475 Design Patent lists the same five inventors as the '697 Patent and is titled "Tandem Sub." Dkt. Nos. 1-2, 1-4. The '475 Design Patent claims a particular design for a tandem sub, and DynaEnergetics' Complaint identifies the PerfX tandem sub as the allegedly infringing component. Dkt. No. 1, at ¶ 29. DynaEnergetics' Complaint also points to this same component of the XConnect system in its infringement theory with respect to the '697 Patent. *Id.*, at ¶ 21.

PerfX exchanged multiple letters with DynaEnergetics in a good-faith attempt to resolve this duplicative suit; however, DynaEnergetics refused, **Ex. H**, *Compiled Duplicative Suit Corresp.*,[2] and confirmed by email DynaEnergetics would oppose this motion. In light of DynaEnergetics' newly identified allegations of infringement relating to the '475 Design Patent, PerfX filed a motion for leave to amend its complaint in Colorado to add the '475 Design Patent to its declaratory judgment action.

---

[2] DynaEnergetics ended the duplicative suit correspondence by stating in the last paragraph, "This letter should make clear that DynaEnergetics will not voluntarily withdraw its claims . . . DynaEnergetics is prepared to prosecute its case before the Court, and PerfX would be well advised to do the same.

## II. LEGAL STANDARD

This Court stated its legal standard for this motion as follows:

> Fed. R. Civ. P. 42(a) allows for the consolidation of actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court applies Fifth Circuit precedent to a procedural, non-patent issue. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013); *Valeo, Inc. v. Federal-Mogul Corp.*, EP-13-CV-115-PRM, 2013 U.S. Dist. LEXIS 18767, at *5, n.1, 2013 WL 8480673 (W.D. Tex. Oct. 17, 2013). The Fifth Circuit follows the "first-to-file" rule which determines how a court decides the merits of substantially similar issues in separately filed cases. (citing *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)). The first-to-file rule dictates that the court in which an action is first filed should determine whether subsequently filed cases involving substantially similar issues should proceed. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)) ("in the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."). The first-to-file rule also provides that the first-filed court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated. *Id.* When related cases are pending before two federal courts, the court in which the case was last filed may refuse jurisdiction if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Save Power*, 121 F.3d at 950; *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)). The second court only determines if a likelihood of substantial overlap of issues between the two suits has been demonstrated. *Mann Mfg.*, 439 F.2d at 408. The first filed court resolves the question of whether both suits should proceed. *Id.* The rule rests on principles of comity and sound judicial administration. *See Save Power*, 121 F.3d at 950; *West Gulf*, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf*, 751 F.2d at 729.
>
> When considering whether a later-filed case should be dismissed or transferred, "[t]he crucial inquiry is one of 'substantial overlap'" between the cases. *Save Power*, 121 F.3d at 950 (quoting *Mann Mfg.*, 439 F.2d at 408). The cases do not have to be identical for the first-to-file rule to be applicable. *Id.* When the overlap between the two cases is not complete, courts will consider factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage and interest of each forum in resolving the dispute." *Save Power*, 121 F.3d at 951 (quoting *TPM Holdings, Inc. v. Intra-Gold Indus, Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). "In patent cases, courts determining whether cases were substantially similar have examined whether they involved the same parties, the same technology, the same inventors, overlapping remedies, the same witnesses, or overlapping issues in claim construction." *SIPCO, LLC v. Emerson Elec. Co.*, No. 6:15-CV-907, 2016 WL 7743496, at *3 (E.D. Tex. July 1, 2016).

*Hunting Titan*, 2020 WL 3259807, at *1–2.

The Court must then determine if there are "sufficiently compelling circumstances to avoid the rule's application" using the *Volkswagen* convenience factors to determine if compelling circumstances exist to warrant not applying the first-to-file rule. *Mann Mfg.*, 439 F.2d at 407; *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602–03 (5th Cir. 1983).

### III.   SUBSTANTIAL OVERLAP EXISTS

#### A.   *The Same Patents, Products, Parties, Inventors, Technology, and Field are at Issue in the First-Filed Action*

There is substantial overlap between this action and PerfX's earlier-filed action against DynaEnergetics in the District of Colorado. Both cases involve the same issue of infringement of the '697 Patent and the same accused XConnect system; therefore, the technical and damages discovery relating to the XConnect system will be the same. Likewise, DynaEnergetics has accused the same product of infringing the '475 Design Patent. Specifically, DynaEnergetics accuses the tandem sub component of the XConnect system of infringing the '475 Design Patent. Dkt. No. 1, at ¶ 29. Notably, this same component is also identified in DynaEnergetics' infringement allegations relating to the '697 Patent. *Id.*, at ¶ 21. Discovery relating to the accused tandem sub will simply be a subset of the overall discovery sought on the accused XConnect system; thus, both suits allege infringement by the same product using the same technology. *Hunting* Titan, 2020 WL 3259807, at *4. Therefore, "much of the proof adduced" in both actions "would likely be identical." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (when determining substantial overlap, courts do not look at whether the cases are identical but whether the core issues are the same and whether "much of the proof adduced . . . would likely be identical."). Because both actions "share core issues regarding the product," there is substantial overlap. *Hunting Titan*, 2020 WL 3259807, at *2.

Further, the same patents are (or will shortly be) at issue in both actions. DynaEnergetics makes the same allegations of infringement with respect to the '697 Patent, and PerfX recently filed a motion for leave to add the '475 Design Patent to Colorado Action. As leave to amend is freely given under Federal Rule of Civil Procedure 15, PerfX anticipates that leave will be granted, meaning the same patents will be asserted in both this case and the earlier-filed Colorado Action.

Additionally, both the '697 Patent and the '475 Design Patent come from the same patent family and both claim priority to the same PCT application. Dkt. Nos. 1-2, 1-4 (both identifying prior filed PCT/CA2014/050673). The '697 Patent and the '475 Design Patent also have identical inventors: Frank Heron Preiss, Liam McNelis, Eric Mulhern, Thilo Scharf, and David C. Parks. *Id.*

And the same parties, with exception of the corporate parent entity, are also involved in both actions. DMC Global, Inc. filed a motion to dismiss itself from the Colorado Action and, to the extent it is successful, the identity of the parties will be identical in the two suits. **Ex. G**. But even if DMC Global, Inc. remains in the case, as this Court noted in *Hunting Titan*, the omission of a corporate parent from one suit is not a significant dissimilarity and does not outweigh the other overlapping issues. 2020 WL 3259807, at *4. As in *Hunting Titan*, there is clearly a substantial overlap of the patents, accused products, parties, inventors, technology and field. *Id.*

  **B.**  *Likelihood of Conflict and Interest of Each Forum*

Duplicative cases in two different courts is a waste of judicial and party resources, and, moreover, there is a risk of conflicting judgments from two different jurisdictions on the exact same issues. Because the same patents, same accused product, and same parties are at issue in both actions, the likelihood of conflicting judicial decisions exists.

Regarding the interest of this forum, DynaEnergetics identifies its new facility in Blum, Texas, in its Complaint. However, since opening its Blum facility in 2018, DynaEnergetics has not sought to change its state of incorporation (Dkt. No. 1, at ¶ 2) or even list its Blum facility on its own website. **Ex. I**, *DynaEnergetics' Website*; *Hunting Titan*, 2020 WL 3259807, at *4.[3] Further, even after opening its Blum facility, DynaEnergetics filed at least five patent infringement actions in districts other than the Western District of Texas asserting the '697 Patent. **Ex. J**, *Case Chart*. As this Court found in *Hunting Titan*, while DynaEnergetics may make a showing that this District has a local interest in resolving the dispute, that interest does not outweigh the noted similarities between the two actions or their shared inventors, parties, technology, product, and field. 2020 WL 3259807, at *5. As such, there is a high likelihood of overlap and this case should be transferred to the first-filed action in Colorado.

### IV.   CONVENIENCE FACTORS FAVOR TRANSFER

#### A.   *Relative Ease of Access to Sources of Proof and Cost of Attendance for Willing Witnesses Favors Transfer*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Potter Voice Techs. LLC v. Apple, Inc.*, No. 12-cv-01096, 2013 WL 1333483, at *3 (D. Colo. Mar. 29, 2013). PerfX's development of its XConnect system took place at its Denver headquarters, and its research and development efforts are based out of Denver. **Ex. K**, *Thomas Decl.*, at ¶ 6. Additionally, PerfX's prototypes and demonstration samples are also located in Denver, and the XConnect system was tested and field trialed in Colorado, Wyoming, and North Dakota. *Id*. PerfX's revenue information, likewise, originates from and is located at its Denver home office. *Id.*, at ¶¶ 7–8.

---

[3] This Court previously recognized, "DynaEnergetics' headquarters are still in Houston, not at the flagship facility in Blum" even though DynaEnergetics was filing suits "six months after opening the flagship facility in Blum."

Similarly, PerfX's witnesses are located in, or much closer to, Colorado:

- Charlie Thomas, who resides and works in Denver, is the President of PerfX. Mr. Thomas would have information regarding the development, marketing, and revenues of the XConnect system. *Id.*, at ¶ 1.

- Robert Nichols, who resides and works in or near Denver, works for PerfX in technical sales. Mr. Nichols would have information regarding the technical details and revenues of the XConnect system. *Id.*, at ¶ 4.

- Shelby Sullivan, who resides and works in North Dakota, is the CTO. Mr. Sullivan would have information regarding the design, engineering, and development of the XConnect system. Mr. Sullivan travels to Colorado in connection with his job duties. *Id.*, at ¶ 5.

In its Motion to Transfer the District of Colorado case, DynaEnergetics identified Tim Roberts and Timothy Geary as key witnesses for PerfX. **Ex. F**, at 8–9. But these witnesses are field employees, neither of whom has any responsibility for the design, development, revenues, or marketing of the XConnect system. **Ex. K**, at ¶ 11. Outside of Mr. Roberts and Mr. Geary, there is one witness, Kelly Goldwait, with knowledge of the XConnect system's component manufacturers, but he is located in Houston. *Id.*, at ¶ 12. All information relating to the XConnect system is readily available from PerfX's Colorado witnesses, and the existence of a single witness in Texas (outside of the Western District) does not outweigh those witnesses located in Colorado.

None of DynaEnergetics' key witnesses are located in this District.

- Ian Grieves, President of DynaEnergetics US, Inc. and Managing Director of DynaEnergetics Europe GmbH, resides in Germany;

- Frank Preiss, named inventor on the '697 and '475 patents, resides in Houston;

- Liam McNelis, named inventor on the '697 and '475 patents, resides in Germany;

- Eric Mulhern, named inventor on the '697 and '475 patents, resides in Canada;

- Thilo Scharf, named inventor on the '697 and '475 patents, resides in Ireland; and

- David Park, named inventor on the '697 and '475 patents, resides in Houston.

For the foreign witnesses, their costs travelling to Waco would be increased, as they would need to take multiple flights to reach Waco leading to longer travel time and more expense. In contrast, Denver has an international airport which would decrease travel time and travel costs. Thus, the sources of proof and cost of attendance for willing witnesses heavily favors transfer.

### B.     *Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer*

Additionally, DynaEnergetics' parent entity, DMC Global, Inc. has its principal place of business in Broomfield, Colorado, which is within 100 miles of the District of Colorado court. **Ex. G**, at 1. In the Colorado Action, DynaEnergetics claimed DMC Global, Inc. should not be a party to the litigation. *Id.* Assuming DynaEnergetics' motion to dismiss is granted and DMC Global, Inc. is no longer a party to that action, DMC Global, Inc. would be a third party located within the subpoena power of the District of Colorado. And, likewise, with respect to this case, DMC Global, Inc. is not a named party and would only be subject to the subpoena power of the Colorado court for attendance at trial. This is important because PerfX believes DMC Global, Inc. has relevant information relating to the ownership of the '697 Patent (as stated in its opposition to DMC Global Inc.'s motion to dismiss in Colorado), relevant prior art consisting of a perforating gun system sold prior to the earliest possible priority date for the '697 Patent,[4] and revenue and marketing information for any commercial embodiments.

---

[4] While PerfX's investigation is still ongoing, it has, thus far, identified at least one perforating gun system called the DynaWell that appears to have been on sale as early as 2011, well before the 2013 priority date for the '697 Patent.

### C. Other Practical Considerations that Make Trial Easy, Expeditious, and Inexpensive Favor Transfer

Judicial economy, consistency, conservation of costs, and docket speed warrant transfer. First, DynaEnergetics has filed numerous cases involving the '697 Patent outside the Western District, namely in the Northern and Southern Districts of Texas. A complete listing of cases—other than this action and the Colorado Action—involving the '697 Patent is attached. **Ex. J**. Thus, simply because DynaEnergetics has other cases pending in this District does not create further efficiency when other jurisdictions also have pending cases. Further, the District of Colorado has already set a schedule, and DynaEnergetics has served initial infringement contentions for the '697 Patent. Thus, restarting duplicative litigation in this District when an identical case is already proceeding in the District of Colorado is a waste of resources, whereas transferring this action to Colorado for consolidation with the pending declaratory judgment action furthers the interests of judicial economy, efficiency, and consistency.

### D. The Public Interest Factors Weigh in Favor of Transfer

As noted in *Hunting Titan*, while the time to trial in Colorado may be longer than reported statistics for this jurisdiction, a transfer with potential consolidation would reduce court congestion in this District. 2020 WL 3259807, at *9. Moreover, in the unlikely event that the District of Colorado declined to consolidate this case with PerfX's declaratory judgment action, "one court adjudicating the cases in parallel would be more efficient than two courts adjudicating the cases." *Id.* Thus, the court congestion factor weighs in favor of transfer.

As noted above, while DynaEnergetics may have ties to this District, it does not alter the fact that the DynaEnergetics US, Inc. entity is domiciled in Colorado or that DynaEnergetics has repeatedly filed suit in other jurisdictions on the same patents <u>after</u> opening its Blum facility. As this court previously recognized, the existence of the Blum facility alone is not sufficient to

outweigh the many other factors that weigh heavily in favor of transfer. *Id.* Regarding the remaining factors, both this Court and the District of Colorado are capable of and familiar with the application of patent laws, and no issue exists relating to conflicts of law or application of foreign laws. In light of the many factors and substantial overlap between this case and the Colorado Action, transfer of this case for consolidation under the first-to-file rule is warranted.

Dated: June 15, 2021

                                      Respectfully submitted,

                                      **GILLAM & SMITH, LLP**

                                      */s/ Melissa R. Smith*
                                      Melissa R. Smith
                                      Texas Bar No. 24001351
                                      303 South Washington Avenue
                                      Marshall, TX 75670
                                      903-934-8450
                                      903-934-9257

                                      **ERISE IP, P.A.**

                                      Megan J. Redmond (*pro hac vice* pending)
                                      Carrie A. Bader (*pro hac vice* pending)
                                      Nick R. Apel (*pro hac vice* pending)
                                      7015 College Blvd, Suite 700
                                      Overland Park, KS 66211
                                      Email: megan.redmond@eriseip.com
                                      Email: carrie.bader@eriseip.com
                                      Email: nick.apel@eriseip.com
                                      (913) 777-5600
                                      (913) 777-5601

                                      *ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for PerfX has conferred with counsel for DynaEnergetics in a good-faith effort to resolve the matter presented herein. Counsel for DynaEnergetics stated DynaEnergetics opposes the instant motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, the foregoing was electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Melissa R. Smith*
Melissa R. Smith
