# Exhibit G

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03665-MEH

PERFX WIRELINE SERVICES, LLC,

    Plaintiff,

v.

DYNAENERGETICS US, INC.,
DYNAENERGETICS EUROPE GMBH,
and DMC GLOBAL INC.,

    Defendant.

**DEFENDANT DMC GLOBAL INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................................ 2

III.   LEGAL STANDARDS .................................................................................................... 3

    A.   Federal Rule of Civil Procedure 12(b)(1) ............................................................. 3

    B.   Federal Rule of Civil Procedure 12(b)(6) ............................................................. 5

IV.   ARGUMENT .................................................................................................................... 6

    A.   The Court Must Dismiss This Action Against DMC Global Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction Over PerfX's Declaratory Judgment Claim. ........................................................... 6

    B.   The Court Must Dismiss This Action Against DMC Global Under Rule 12(b)(6) For Failure to State a Claim. ............................................................ 8

V.   CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Ass'n for Molecular Pathology v. United States Patent & Trademark Office*,
   689 F.3d 1303 (Fed. Cir. 2012), *rev'd in part sub nom. Ass'n for Molecular
   Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013) ..................................... 4

*Cocona, Inc. v. Sheex, Inc.*,
   92 F. Supp. 3d 1032 (D. Colo. 2015) .................................................................. 3

*DePuy, Inc. v. Zimmer Holdings, Inc.*,
   384 F. Supp. 2d 1237 (N.D. Ill. 2005) .................................................................. 6

*Dole Food Co. v. Patrickson*,
   538 U.S. 468 (2003) ........................................................................................... 6

*Dubbs v. Head Start, Inc.*,
   336 F.3d 1194 (10th Cir. 2003) ............................................................................ 5

*Fina Research, S.A. v. Baroid Ltd.*,
   141 F.3d 1479 (Fed. Cir. 1998) ............................................................................ 7

*GMP Techs., LLC v. Zicam, LLC*,
   No. 08 C 7077, 2009 WL 5064762 (N.D. Ill. Dec. 9, 2009) .............................. 6, 7

*GPS Indus., Inc. v. Altex Corp.*,
   No. 07-CV-0831-K, 2009 WL 2337921 (N.D. Tex. July 27, 2009) ...................... 6

*Hewlett-Packard Co. v. Acceleron, LLC*,
   587 F.3d 1358 (Fed. Cir. 2009) ............................................................................ 4

*Magpul Indus., Corp. v. Blue Force Gear, Inc.*,
   No. 14-cv-01470-RBJ, 2014 WL 6845851 (D. Colo. Dec. 4, 2014) .................... 5

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*,
   695 F.3d 1322 (Fed. Cir. 2012) ............................................................................ 5

*MedImmune, Inc. v. Centocor, Inc.*,
   409 F.3d 1376 (Fed. Cir. 2005), *overruled on other grounds*,
   *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ................................. 4

*Moffett v. Halliburton Energy Servs., Inc.*,
   291 F.3d 1227 (10th Cir. 2002) ............................................................................ 5

*New World Int'l, Inc. v. Ford Global Techs., LLC*,
 No. 3:16-CV01112-M, 2017 WL 1078525 (N.D. Tex. Mar. 22, 2017) ................... 7

*SanDisk Corp. v. STMicroelectronics, Inc.*,
 480 F.3d 1372 (Fed. Cir. 2007) ............................................................................... 4

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
 427 F.3d 971 (Fed. Cir. 2005) ................................................................................. 6

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
 917 F.2d 1574 (Fed. Cir. 1990) ............................................................................... 7

**Statutes**

28 U.S.C. § 2201(a) ........................................................................................................ 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 3, 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 5, 8

Defendant DMC Global Inc. ("DMC Global") moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss this action against it for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1]

## I. INTRODUCTION

The Court lacks subject matter jurisdiction as to DMC Global in this anticipatory declaratory judgment action for the simple reason that DMC Global, ostensibly named as a Defendant because it is headquartered in Broomfield, Colorado, does not have <u>any</u> ownership interest in the U.S. Patent No. 10,844,697 (the "'697 Patent"), which is owned by DynaEnergetics Europe GmbH ("DynaEnergetics Europe") and exclusively licensed to DynaEnergetics US, Inc. ("DynaEnergetics US"). Much like a party that does not have any ownership in a patent lacks standing to sue for infringement of that patent, a party that does not have any rights to a patent is not the proper defendant in an action seeking a declaratory judgment of non-infringement. DMC Global's <u>only</u> connection to this declaratory judgment action is its relationship as the parent corporation to DynaEnergetics Europe and DynaEnergetics US. Under established law, however, a parent corporation does not have ownership rights in a patent that is owned by its wholly owned subsidiaries, and Plaintiff PerfX Wireline Services, LLC ("PerfX") does not allege as much. Indeed, PerfX does not make <u>any</u> allegations regarding DMC Global's ownership interest in the '697 Patent or its connection to the instant action other than alleging that DynaEnergetics Europe and DynaEnergetics US are wholly-owned

---

[1] DMC Global joins the Motion to Transfer filed this same day by Defendants DynaEnergetics US, Inc. and DynaEnergetics Europe GmbH in the alternative that this Motion to Dismiss is not granted.

subsidiaries of DMC Global (Dkt. 1 ¶ 8) (which they are) and that Defendants collectively market and sell DynaStage® perforating gun systems (*id.* ¶ 16) (which DMC Global does not).

PerfX's declaratory judgment claim against DMC Global fails to state a claim upon which relief can be granted for the same reason—that is, there is simply no set of facts upon which the court could issue a declaratory judgment of non-infringement against DMC Global when DMC Global does not have any ownership in the '697 Patent. For at least these reasons, DMC Global is not a proper party to this anticipatory declaratory judgment action and the case against it must be dismissed.

## II. FACTUAL BACKGROUND

DynaEnergetics Europe and DynaEnergetics US market and sell perforating gun systems using the registered trademark DynaStage® that incorporate technology described and claimed in the '697 Patent, which is owned by DynaEnergetics Europe and exclusively licensed to DynaEnergetics US. Ex. A, Declaration of Michael Kuta ("Kuta Decl.") ¶¶ 2, 4-5. While DMC Global is the parent corporation of DynaEnergetics Europe and DynaEnergetics US, it does not market or sell any products in the United States or elsewhere and it does not have any ownership interest in the '697 Patent. *Id.* ¶¶ 3, 6-8.

On September 11, 2020, shortly after DynaEnergetics Europe received a Notice of Allowance for the '697 Patent, Lisa Moyles—as counsel for DynaEnergetics Europe—sent PerfX a "DynaStage Patent Notice Letter" pursuant to Federal Rule of Evidence 408(a). Dkt. 1 ¶ 18; Dkt. 1-4 at 1 ("This firm represents DynaEnergetics Europe GmbH . . . in intellectual property matters."). The letter included the language of Claim 1 of the '697

Patent and notified PerfX that its XConnect system infringes one or more of DynaEnergetics Europe's patents related to the DynaStage® perforating system in an attempt to resolve a potential dispute regarding PerfX's infringement. Dkt. 1-4 at 4. PerfX responded on November 18, 2020, requesting a claim chart.

On November 25, 2020—one day after the '697 Patent issued—Ms. Moyles, again on behalf of DynaEnergetics Europe, sent an email to PerfX attaching a claim chart demonstrating how PerfX's XConnect system infringes Claim 1 of the '697 Patent. Dkt. 1 ¶ 20. Ms. Moyles further notified PerfX that DynaEnergetics Europe and DynaEnergetics US had already filed a patent infringement suit against one of PerfX's competitors in the Western District of Texas and attached a copy of the complaint filed in that action, which did not name DMC Global as a party. *Id.* ¶ 19.

Rather than responding to the letters with its alleged non-infringement positions, PerfX filed this anticipatory action in this District on December 15, 2020, seeking a declaratory judgment of non-infringement of the same patent. PerfX's Complaint alleges that "PerfX has a real and imminent belief that suit will be filed against it." *Id.* ¶ 26. The Complaint does not allege that DMC Global has any ownership interest in the '697 Patent or that it received any letters or correspondence regarding PerfX's infringement of the '697 Patent on behalf of DMC Global.

### III. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(1)

A complaint must be dismissed under Rule 12(b)(1) if the court lacks subject matter jurisdiction over a claim. *Cocona, Inc. v. Sheex, Inc.*, 92 F. Supp. 3d 1032, 1033 (D. Colo.

3

2015). In a declaratory judgment action, the court may only exercise subject matter jurisdiction "in a case of actual controversy." 28 U.S.C. § 2201(a). "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378 (Fed. Cir. 2005), *overruled on other grounds, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 130-31 (2007).

Under Federal Circuit law, a district court may exercise jurisdiction over a declaratory judgment action for non-infringement "where a *patentee* asserts rights *under a patent* based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (emphasis added); *see also Hewlett-Packard Co. v. Acceleron, LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009) ("[C]onduct that can be reasonably inferred as demonstrating intent to *enforce a patent* can create declaratory judgment jurisdiction.") (emphasis added). To support declaratory judgment jurisdiction, a plaintiff "must allege both (1) an affirmative act *by the patentee* related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Ass'n for Molecular Pathology v. United States Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *rev'd in part sub nom. Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013) (emphasis added, citations omitted). "The party seeking to establish declaratory

4

judgment jurisdiction bears the burden of demonstrating that an Article III case or controversy exists at the time the claim for declaratory relief is filed." *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1328 (Fed. Cir. 2012) (citation omitted); *Magpul Indus., Corp. v. Blue Force Gear, Inc.*, No. 14-cv-01470-RBJ, 2014 WL 6845851, at *2 (D. Colo. Dec. 4, 2014) (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). The court will "uphold a dismissal under Rule 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Id.* (citations and quotation marks omitted). Conclusory allegations are not sufficient to survive 12(b)(6) dismissal. *See Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002) (citation omitted).

IV. **ARGUMENT**

   **A. The Court Must Dismiss This Action Against DMC Global Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction Over PerfX's Declaratory Judgment Claim.**

PerfX filed this anticipatory declaratory judgment action seeking a declaration of non-infringement against DMC Global. Because DMC Global is neither a patent owner nor an exclusive licensee of the '697 Patent, it lacks standing to sue for patent infringement and therefore cannot be a defendant in this non-infringement declaratory judgment action.

It is well-established that only a patent owner or an exclusive licensee has constitutional standing to bring a suit for patent infringement. *See Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). It is also understood that a parent corporation does not have an ownership interest in the intellectual property owned by its subsidiary and therefore does not have standing to bring an infringement suit for a patent owned or exclusively licensed by its subsidiary on that basis alone. *See GMP Techs., LLC v. Zicam, LLC,* No. 08 C 7077, 2009 WL 5064762, at *2 (N.D. Ill. Dec. 9, 2009); *DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1238-40 (N.D. Ill. 2005) (dismissing a patent infringement suit brought by the corporate parent of the patentee because it was an "entity that does not own the property right that it is suing to enforce"); *GPS Indus., Inc. v. Altex Corp.*, No. 07-CV-0831-K, 2009 WL 2337921, at *2 (N.D. Tex. July 27, 2009) ("Merely because OGSI is a wholly owned subsidiary of GPS does not in and of itself confer all substantial rights of the '093 patent on GPS.") (citing *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003)). And, because "[d]eclaratory

noninfringement actions are mirror images of infringement suits," "a party that lacks standing to bring an infringement suit is not the proper defendant to a declaratory noninfringement action." *GMP Techs., LLC*, 2009 WL 5064762, at *2 (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990), *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998)); *see also New World Int'l, Inc. v. Ford Global Techs., LLC*, No. 3:16-CV01112-M, 2017 WL 1078525, at *9-10 (N.D. Tex. Mar. 22, 2017) (dismissing declaratory judgment action for lack of subject matter jurisdiction after the remaining defendant transferred its patent rights to another party). In dismissing the defendant parent corporation, Matrixx, the court in *GMP Technologies, LLC* emphasized that "Matrixx, owning no interest in the patents at issue here, would have no standing to bring a patent infringement suit against GMP, and so is not the proper party defendant to GMP's declaratory action." *GMP Techs., LLC*, 2009 WL 5064762, at *2.

This anticipatory action arises from DynaEnergetics Europe's assertions that PerfX infringes the '697 Patent owned by DynaEnergetics Europe and exclusively licensed to DynaEnergetics US, not from any alleged involvement by DMC Global. Indeed, DMC Global did not take any "affirmative act" to enforce the '697 Patent as the letter sent by Lisa Moyles to PerfX was on behalf of DynaEnergetics Europe, not DMC Global—nor could it. Like the defendant Matrixx in *GMP Technologies, LLC*, DMC Global does not have <u>any</u> ownership interest in the '697 Patent, and PerfX's Complaint does not allege that it does. Kuta Decl. ¶¶ 6-8. DMC Global's <u>only</u> connection to the instant action is its relationship to DynaEnergetics Europe and DynaEnergetics US, which are its wholly

owned subsidiaries. *Id.* ¶ 3. But, as explained above, the parent-subsidiary corporate relationship is not, by itself, sufficient to confer or convey an ownership interest in a patent from one legal entity to the other. Just like a parent corporation does not have standing to sue for infringement of patents owned by its subsidiary, DMC Global cannot be sued for a declaration of non-infringement of a patent it does not own. Put simply, there is no case or controversy between DMC Global and PerfX regarding infringement of the '697 Patent and the declaratory judgment action against DMC Global must be dismissed.

**B.    The Court Must Dismiss This Action Against DMC Global Under Rule 12(b)(6) For Failure to State a Claim.**

Separately, PerfX's declaratory judgment claim fails to state a claim upon which relief can be granted for the same reason that the court lacks subject matter jurisdiction over DMC Global—there is no set of facts under which the court can issue a declaration of non-infringement against a party that does not have any ownership interest in the patent-at-issue. PerfX's claim fails for the additional reason that there are <u>no</u> allegations in the Complaint regarding DMC Global's ownership interest in the '697 Patent (and it does not have any such interest). Nor does PerfX allege in the Complaint that the September 11, 2020 letter sent by Lisa Moyles to PerfX—which serves as the basis for PerfX's assertion that it "has a real and imminent belief that suit will be filed against it" (Dkt. 1 ¶ 26)—was sent by or on behalf of DMC Global. By failing to include in the Complaint any allegations regarding DMC Global's ownership of the '697 Patent or affirmative act taken by it to enforce the '697 Patent in the Complaint, PerfX's claims against DMC Global are defective. Because there is no set of facts upon which relief could be granted, the case against DMC Global must be dismissed.

8

## V. CONCLUSION

For the foregoing reasons, DMC Global respectfully requests that the Court grant this Motion to Dismiss and dismiss DMC Global from this action.

Dated: February 12, 2021                    Respectfully submitted,

                                                *s/ Jonathon D. Bergman*
Jonathon D. Bergman
Aditi Kulkarni-Knight
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
Email: Jon.Bergman@dgslaw.com
Email: Aditi.Kulkarni@dgslaw.com

Barry J. Herman
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorneys for Defendant DMC Global Inc.*

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LPtR 17

I hereby certify that this brief complies with the word count requirements set forth in District of Colorado Local Patent Rules 17 and contains approximately 2,264 words.

                                                *s/ Jonathon D. Bergman*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of February, 2021 the foregoing **DEFENDANT DMC GLOBAL INC.'S MOTION TO DISMISS** was filed and served via CM/ECF on the following:

Megan J. Redmond
Carrie A. Bader
ERISE IP, P.A.
7015 College Blvd, Suite 700
Overland Park, KS 66211
Email: megan.redmond@eriseip.com
Email: carrie.bader@eriseip.com

                                                               *s/ Melissa Kemp*