# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and<br>DYNAENERGETICS US, INC., | ) | |
| | ) | |
| | ) | Civil Action No: 6:21-cv-00371-ADA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PERFX WIRELINE SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

_____

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................................. 1

II.     Factual Background ...................................................................................................... 2

III.    Argument ..................................................................................................................... 3

     A.      DynaEnergetics Has Not Engaged in Claim Splitting. ............................................. 3

     B.      Even If There Were Claim Splitting the Court Should Not Dismiss. ...................... 5

          1.      The Colorado Action is the Result of Improper Forum
Shopping. ................................................................................................. 5

          2.      The Western District Is the Proper Forum for All Claims in
this Case. .................................................................................................. 8

          3.      This Case Contains Issues Not Included in the Colorado
Action. .................................................................................................... 10

     C.      PerfX's Motion Is Premature. ................................................................................ 10

IV.     Conclusion ................................................................................................................. 11

**TABLE OF AUTHORITIES**

**Cases**

*909 Corp. v. Vill. of Bolingbrook Police Pension Fund*,
    741 F. Supp. 1290 (S.D. Tex. 1990) ................................................................ 7

*Adaptix, Inc. v. AT&T Mobility LLC*, |No. 6:12-CV-17, 2015 WL 12696204 (E.D. Tex.
    May 12, 2015)................................................................................................ 4, 10

*Ameritox, Ltd. v. Aegis Scis. Corp.*,
    No. 3:08-CV-1168-D, 2009 WL 3058744 (N.D. Tex. Feb. 9, 2009) ........................ 3, 4, 5

*Bedrock Logistics, LLC v. Braintree Labs., Inc.*,
    No. 3:16-CV-2815-M, 2017 WL 1547013 (N.D. Tex. Apr. 28, 2017) ............................ 6

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ............................................................................. 5

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ............................................................................. 3

*Commc'ns Test Design, Inc. v. Contec, LLC*,
    952 F.3d 1356 (Fed. Cir. 2020).......................................................................... 7

*Elecs. for Imaging, Inc. v. Coyle*,
    394 F.3d 1341 (Fed. Cir. 2005).......................................................................... 6

*Epic Tech, LLC v. Arno Res., LLC*,
    No. 1:20-CV-577-LY, 2020 WL 5351078 (W.D. Tex. Sept. 4, 2020), *report
    and recommendation adopted*, No. 1:20-CV-577-LY, 2021 WL 2431340
    (W.D. Tex. Jan. 11, 2021)........................................................................... 6, 7, 8

*ESCO Corp. v. Cashman Equip. Co.*,
    No. 2:12-cv-01545-RCJ-NJK, 2013 WL 4710258 (D. Nev. Aug. 30, 2013)................... 5

*Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*,
    No. H-07-637, 2007 WL 5186798 (S.D. Tex. Sept. 11, 2007)................................... 6

*In re Katrina Canal Breaches Litig.*,
    495 F.3d 191 (5th Cir. 2007) ............................................................................. 3

*Innovation Scis., LLC v. HTC Corp.*,
    No. 4:19-CV-00752, 2020 WL 2320056 (E.D. Tex. May 11, 2020)............................ 11

*Kearns v. General Motors*,
    94 F.3d 1553 (Fed. Cir. 1996)......................................................................... 10

*Le-Vel Brands, LLC v. R&D Global, LLC*,
    No. 4:20-CV-420-SDJ, 2021 WL 963738 (E.D. Tex. Mar. 15, 2021) .......................... 3

*Paragon Indus., L.P. v. Denver Glass Mach., Inc.*,
    No. 3-07-CV-2183-M, 2008 WL 3890495 (N.D. Tex. Aug. 22, 2008) ......................... 7

*Quartz Auto Techs. LLC. v. Lyft, Inc.*,
    No. 1:20-CV-00719-ADA, 2021 WL 1177886 (W.D. Tex. Mar. 29, 2021)..................... 3

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*,
    273 Fed. Appx. 256 (4th Cir.2008)........................................................ 3

*Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*,
    921 F. Supp. 2d 527 (E.D. La. 2013)..................................................... 11

*Super Van Inc. v. City of San Antonio*,
    92 F.3d 366 (5th Cir. 1996) ............................................................ 4, 5

*Thompson v. City of Waco, Texas*,
    764 F.3d 500 (5th Cir. 2014) ............................................................. 3

*Verde v. Stoneridge, Inc.*,
    137 F. Supp. 3d 963 (E.D. Tex. 2015).................................................. 4, 5

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721 (5th Cir. 1985)............................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(1).................................................................... 10

Fed. R. Civ. P. 12(b)(6)................................................................. 3, 10

## I.    INTRODUCTION

The motion to dismiss filed by PerfX Wireline Services, LLC ("PerfX") should be denied. DynaEnergetics has not engaged in claim splitting.  Instead, any overlap between this Case and the declaratory judgment action filed by PerfX in the District of Colorado (the "Colorado Action") must be attributed to PerfX, not DynaEnergetics.

Even if the Court disagrees, there are numerous reasons the Court should decline to exercise its discretionary control over its own docket to dismiss this Case.  Most importantly, the Colorado Action is a blatant and improper attempt to forum shop.  After DynaEnergetics sought to avoid litigation through pre-suit negotiations, PerfX filed the Colorado Action, which is a tactic this Court has repeatedly refused to endorse.  Moreover, this Court—and not the District of Colorado—is the best forum in which to resolve the dispute between the parties.  DynaEnergetics has filed six other first-filed lawsuits in this Court alleging infringement of the patents at issue in this Case.  Both judicial economy and adjudicative consistency would best be served by resolving all these disputes here, rather than arbitrarily deciding one of these cases in Colorado.  In addition, the dismissal sought by PerfX would include the infringement claims in this Case regarding U.S. Design Patent No. D904,475 (the "'475 Patent") even though those claims are not presently part of the Colorado Action.  This Case, which includes the full dispute between the parties, should proceed, not some smaller part of the dispute in Colorado.

Finally, PerfX's motion to dismiss is premature because the District of Colorado is currently deciding whether to transfer the Colorado Action to this Court.  If and when that transfer occurs, the appropriate mechanism to address any potential overlap between this Case and the Colorado Action is consolidation, not dismissal.  In the meantime, this Case should proceed.

## II.     FACTUAL BACKGROUND

On September 11, 2020, shortly after DynaEnergetics received a Notice of Allowance for U.S. Patent No. 10,844,697 (the "'697 Patent"), DynaEnergetics sent PerfX a letter including the language of Claim 1 of the '697 Patent and notifying PerfX that its XConnect system infringed. Dkt. 11-1. PerfX responded on November 18, 2020, requesting a claim chart comparing the claims of the '697 Patent with PerfX's XConnect system. On November 25, 2020, DynaEnergetics sent another letter to PerfX informing PerfX that the '697 Patent issued the previous day and providing a claim chart demonstrating that PerfX's XConnect system infringed Claim 1 of the '697 Patent. The letter also notified PerfX that DynaEnergetics had filed suit in the Western District of Texas against one of PerfX's competitors for infringement of the '697 Patent and attached a copy of the complaint in that action. However, given PerfX's apparent willingness to discuss settlement, DynaEnergetics did not yet file suit against PerfX in this Court.

As DynaEnergetics waited for PerfX to respond to its most recent settlement overture, however, PerfX was secretly drafting a complaint to file in the District of Colorado. On December 15, 2020—without ever responding to DynaEnergetics' claim chart—PerfX filed a declaratory judgment suit against DynaEnergetics and their parent entity, DMC Global Inc., in the District of Colorado asserting non-infringement of the '697 Patent. Dkt. 11-2. In fact, PerfX attached to its Colorado complaint the initial letter from DynaEnergetics expressing its hope to "resolve a potential dispute."

With the Colorado Action pending, DynaEnergetics had no choice but to preserve its rights in that forum while also working to establish this Court as the proper forum for resolving the parties' dispute. On February 12, 2021, as required by Federal Rules of Civil Procedure, DynaEnergetics filed an answer and compulsory counterclaim for infringement of the '697 Patent.

Dkt. 11-3.  On the same day, DynaEnergetics filed a motion to transfer the Colorado Action to this Court.  Dkt. 11-4.  After PerfX opposed the motion to transfer, (Ex. A, *PerfX Wireline Services, LLC v. DynaEnergetics US, Inc., DynaEnergetics Europe GmbH, and DMC Global Inc.*, No. 1:20-cv-03665 (D. Colo), Dkt. 28), the District of Colorado held a scheduling conference on April 1, 2021, at which the Colorado Court indicated that it may not rule on DynaEnergetics' motion to transfer until at least September 30, 2021, and perhaps not until March 2022.  Ex. B, *id.* at Dkt. 46 at 3:1-4:9; 6:1-11.   DynaEnergetics filed this suit for infringement of the '697 Patent and the '475 Patent against PerfX on April 16, 2021.  Dkt. 1.

## III.   ARGUMENT

In analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.  *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"  *Quartz Auto Techs. LLC. v. Lyft, Inc.*, No. 1:20-CV-00719-ADA, 2021 WL 1177886, at *2 (W.D. Tex. Mar. 29, 2021) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

### A.  DynaEnergetics Has Not Engaged in Claim Splitting.

The rule against claim splitting "'prohibits ***a plaintiff*** from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'"  *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-CV-1168-D, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009) (emphasis added) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cir.2008)); *accord Le-Vel Brands, LLC v. R&D Global, LLC*, No. 4:20-CV-420-SDJ, 2021 WL 963738, at *2 (E.D. Tex. Mar. 15, 2021) ("A plaintiff improperly splits its claims when it files multiple actions arising out of the same transaction or wrong.") (citation omitted).

"A main purpose behind the rule . . . is to protect **the defendant** from being harassed by repetitive actions based on the same claim."  *Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996) (emphasis added) (citation omitted); *see also Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-CV-17, 2015 WL 12696204, at \*11 (E.D. Tex. May 12, 2015) (noting that "[c]laim splitting is just a sub-species of the doctrine of claim preclusion").  For example, courts often apply the rule against claim splitting "to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit." *Ameritox, Ltd*., 2009 WL 305874, at \*5 (citation omitted); *Verde v. Stoneridge, Inc.*, 137 F. Supp. 3d 963, 974 (E.D. Tex. 2015) (noting that "[c]ourts often apply the rule against claim splitting to prevent a plaintiff from filing a new lawsuit after its request for leave to amend an earlier-filed complaint has been denied") (citations omitted).

Here, DynaEnergetics has not engaged in claim splitting because DynaEnergetics has not divided claims among multiple suits.  DynaEnergetics filed exactly one suit against PerfX regarding the '697 Patent—this Case.  Plainly, DynaEnergetics has not engaged in the proscribed claim splitting conduct of filing a new suit after failing to amend a complaint in another suit.  Moreover, if PerfX had not responded to DynaEnergetics' efforts to avoid litigation through negotiation by filing the Colorado Action preemptively, there would be only one suit between the parties.

PerfX nevertheless asserts that DynaEnergetics has engaged in claim splitting because DynaEnergetics filed compulsory counterclaims in the Colorado Action.  Dkt. 11 at 5-6.  However, because those counterclaims are compulsory, any "splitting" is attributed to PerfX, not DynaEnergetics.  PerfX cannot claim that DynaEnergetics has "harassed" PerfX by filing "repetitive actions." *Super Van Inc.*, 92 F.3d at 371.  For this reason, courts have held that "a party

defending a claim in an earlier-filed action may bring a similar affirmative claim in another court without violating the anti-claim-splitting rule." *See ESCO Corp. v. Cashman Equip. Co.*, No. 2:12-cv-01545-RCJ-NJK, 2013 WL 4710258, at *1 (D. Nev. Aug. 30, 2013). DynaEnergetics thus has not attempted to "prosecut[e] its case piecemeal." *Ameritox, Ltd.*, 2009 WL 305874, at *4. DynaEnergetics has presented all of its legal theories and claims in one action in the district that was best situated to hear those claims—the Western District of Texas.

### B.  Even If There Were Claim Splitting the Court Should Not Dismiss.

Courts address claim splitting "as a matter of docket management," and therefore enjoy discretion in deciding whether to dismiss based on claim splitting. *See Ameritox, Ltd*., 2009 WL 305874, at *5; *see also Verde*, 137 F. Supp. 3d at 973-74 (noting that "the Court retains discretion to control its docket by dismissing duplicative cases"). As a result, even if this Case involves some measure of claim splitting—it does not—the Court must decide whether to exercise its discretion to dismiss this Case. For at least three reasons, the Court should not dismiss.

### 1.  The Colorado Action is the Result of Improper Forum Shopping.

First, the Court should not dismiss because it is PerfX that engaged in improper forum shopping when it filed the Colorado Action. Although PerfX bases its motion to dismiss on claim splitting and not the first-to-file rule, discussions of forum shopping from that context are instructive as both doctrines relate to issues of overlapping lawsuits and forum shopping.

Under the first-to-file rule, when cases filed in two federal courts "substantially overlap," the court in which the second case was filed "may refuse to hear it." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). As with claim splitting, the concerns with the first-to-file rule are "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) (citations omitted).

However, the first-to-file rule does not apply when "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require[] otherwise." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (citation omitted). Indeed, exceptions to the first-to-file rule "are not rare." *Id*. (citation and quotation marks omitted). Notably, when one party seeks to negotiate to avoid litigation and the other party responds by filing suit to obtain a favored forum—a so-called "anticipatory suit"—courts have routinely found "***compelling circumstance that justif[y] … deviation from the first-to-file rule***." *Epic Tech, LLC v. Arno Res., LLC*, No. 1:20-CV-577-LY, 2020 WL 5351078, at *5 (W.D. Tex. Sept. 4, 2020), *report and recommendation adopted*, No. 1:20-CV-577-LY, 2021 WL 2431340 (W.D. Tex. Jan. 11, 2021) (emphasis added) (citation omitted); *see also Bedrock Logistics, LLC v. Braintree Labs., Inc.*, No. 3:16-CV-2815-M, 2017 WL 1547013, at *5 (N.D. Tex. Apr. 28, 2017) ("Courts often make an exception to the first-to-file rule when a plaintiff files an anticipatory suit.") (citation omitted); *Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, No. H-07-637, 2007 WL 5186798, at *4 (S.D. Tex. Sept. 11, 2007) ("Anticipatory lawsuits not only deprive a potential plaintiff of his choice of forum, but an anticipatory suit is also one of the compelling circumstances courts cite when declining to apply the first-filed rule.") (citations omitted). In particular, "[c]ourts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum." *Epic Tech*, 2020 WL 5351078, at *5 (citation and internal quotation marks omitted); *see also Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362-65 (Fed. Cir. 2020) (affirming the dismissal of a first-filed declaratory judgment action in favor of the patentee's

second-filed infringement suit where the declaratory judgment suit was filed as an anticipatory suit).

In determining whether to apply the anticipatory filing exception, "courts scrutinize the parties' activities prior to filing of a suit" and "should consider whether the first-filing party acted in bad faith by inducing the other party to delay filing a lawsuit." *Epic Tech*, 2020 WL 5351078, at \*5 (citations and internal quotation marks omitted).  "They also should take into account that 'the primary reason courts have recognized the anticipatory suit exception to the first-to-file rule is to avoid penalizing a party that has attempted to settle a dispute out of court.'" *Id*. (citing *Twin City*, 2009 WL 1544255, at \*5). "Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already-drafted complaint."  *Id*. (citing *909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1293 (S.D. Tex. 1990)).  Thus, "[c]ourts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum."  *Id*. (citing *Paragon Indus., L.P. v. Denver Glass Mach., Inc*., No. 3-07-CV-2183-M, 2008 WL 3890495, at \*4 (N.D. Tex. Aug. 22, 2008) (dismissing earlier filed action under the anticipatory filing exception and the Declaratory Judgment Act)).

Here, PerfX has engaged in exactly the kind of conduct recognized as improper in the context of the first-to-file rule.  DynaEnergetics engaged in good faith pre-suit negotiations when it reached out to PerfX to send the initial "DynaStage Patent Notice Letter" on September 11, 2020.  Dkt. 1-5.  In response, PerfX did not refuse to negotiate.  To the contrary, PerfX requested more information in the form of a claim chart comparing the '697 Patent to the accused XConnect

system.  DynaEnergetics promptly responded and also provided a copy of the complaint that it filed in the Western District of Texas against another competitor.  Thereafter, DynaEnergetics did not receive any other response from PerfX until it filed the Colorado Action.  PerfX's responses and requests to DynaEnergetics appear to be nothing more than a stalling tactic to allow it to prepare and file the Colorado Action.  The Court should reject PerfX's blatant forum shopping and sharp practices, just as this Court has elsewhere recognized the impropriety of such conduct.  *See Epic Tech*, 2020 WL 5351078, at *5.

        **2.**      **The Western District Is the Proper Forum for All Claims in this Case.**

Additionally, the Court should, if necessary, exercise its discretion not to dismiss this Case because this District is the best forum for resolving this dispute.  In this Case, DynaEnergetics asserts that PerfX has infringed the '697 Patent and '475 Patent.  DynaEnergetics has filed six other lawsuits *in this Court* alleging infringement of the '697 Patent and one other lawsuit involving the '475 Patent:

- December 4, 2020: *DynaEnergetics Europe GmbH et. al. v. Yellow Jacket Oil Tools, LLC, et. al.*, No. 6:20-cv-01110-ADA (W.D. Tex., Waco Div.);

- December 30, 2020: *DynaEnergetics Europe GmbH et. al. v. NexTier Completion Sols. Inc. et. al.*, No. 6:20-cv-01201-ADA (W.D. Tex., Waco Div.);

- January 28, 2021: *DynaEnergetics Europe GmbH et. al. v. Rock Completion Tools, LLC et. al.*, No 6:21-cv-00084-ADA (W.D. Tex., Waco Div.)[1].

- January 28, 2021: *DynaEnergetics Europe GmbH et. al. v. GR Energy Services Operating GP LLC, et. al.*, No 6:21-cv-00085-ADA (W.D. Tex., Waco Div.);

---

[1] DynaEnergetics has dismissed this case as to Rock Completion Tool, LLC and filed a Motion for Default Judgment as to the remaining defendant on May 28, 2021.

- April 8, 2021: *DynaEnergetics Europe GmbH et. al. v. Horizontal Wireline Services, LLC et. al.*, No 6:21-cv-00349-ADA (W.D. Tex., Waco Div.).

- April 16, 2021: *DynaEnergetics Europe GmbH et. al. v. Oil States Int'l, Inc. et. al.*, No 6:21-cv-00372-ADA (W.D. Tex., Waco Div.) (also asserting infringement of the '475 Patent).

Resolving all of these disputes regarding the '697 and '475 Patents in this Court will both promote consistent outcomes and conserve judicial resources.[2]

Further, DynaEnergetics' flagship U.S. location is in Blum, Texas, which lies in this District. Dkt. 1 ¶ 2. PerfX has significant operations—and thus engages in significant infringement of the '697 Patent and the '475 Patent—in the Permian Basin, which is also in this District. *Id.* ¶ 8. PerfX regularly targets the Permian Basin with advertisements for the accused XConnect system. *Id.* Because of DynaEnergetics' and PerfX's significant operations in this District, evidence and key fact witnesses, including party and third-party witnesses, for both parties will be located in this District. In contrast, PerfX has not identified any logistical advantages of resolving the parties' dispute in the District of Colorado whatsoever other than the fact that DMC Global Inc., who is not a proper party to that action,[3] is domiciled in Colorado. In light of these

---

[2] DynaEnergetics has additionally filed three patent infringement actions in the Northern District of Texas and two patent infringement actions in the Southern District of Texas against infringers not subject to the venue of this Court. Chief Judge Lynn, to whom the Northern District cases have been assigned, has expressed interest in coordinating those cases for purposes of claim construction with the cases pending in this District as well as before Judge Rosenthal in the Southern District. Ex. C, Rule 16 Conference *DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. v. Bear Manufacturing, LLC* (No. 3:21-CV-00185-M), *Oso Perforating, LLC* (No. 3:21-CV-00188-M), and *SWM International, LLC* (No. 3:21-CV-00192-M), June 11, 2021 at 12:23-13:15, 15:1-12, 15:18-16:11. DynaEnergetics does not object to this proposal, and defers to the preference of the respective Courts.

[3] DynaEnergetics has moved to dismiss DMC from the Colorado Action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on this basis. That motion is also fully briefed, but not expected to be ruled on by the District of Colorado for some time. Ex. D, Colorado Action at Dkt.

practical considerations, this Court is the best forum to resolve the dispute between the parties, and the Court should exercise its discretion to preserve this Case if necessary.

### 3.     This Case Contains Issues Not Included in the Colorado Action.

The third reason counseling against dismissal is that this Action includes claims that are not included in the Colorado Action. *See Adaptix, Inc.*, 2015 WL 12696204, at *13 (noting that the Federal Circuit "considers whether the same patents are involved in both suits" when applying claim preclusion); *Kearns v. General Motors*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) ("By statutory and common law, each patent establishes an independent and distinct property right.") (citation omitted).  The '475 Patent, which has been asserted in this Case, is not a part of the Colorado Action—a fact conspicuously absent from PerfX's Motion.  Indeed, the '475 Patent is not mentioned **anywhere** in PerfX's Motion.  While PerfX sought leave to add the '475 Patent to the Colorado Action one day before it filed this Motion, that motion is opposed and has not been granted.  Thus, this Case—which includes the full dispute between the parties—should proceed, not the Colorado Action.

### C.  PerfX's Motion Is Premature.

Finally, the Court should not grant PerfX's motion because the Colorado Action and this Case may be consolidated through transfer.  DynaEnergetics has already filed a motion to transfer in the Colorado Action and that motion is fully briefed.  In fact, the District of Colorado should grant that motion for the reasons noted above, including that this Court is a better forum for resolving the parties' dispute.  Courts have recognized that transfer and consolidation of the pending actions, rather than dismissal, is an appropriate solution to address allegations of claim

---

24.  DynaEnergetics is also in the process of conducting jurisdictional discovery pursuant to this Court's June 8, 2021 Standing Order in response to PerfX's concurrently filed Motion to Transfer. Dkt. 12.

splitting. *See Innovation Scis., LLC v. HTC Corp.*, No. 4:19-CV-00752, 2020 WL 2320056, at *4-5 (E.D. Tex. May 11, 2020) (denying motion to dismiss for claim splitting and consolidating two actions); *Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 527, 541 (E.D. La. 2013) ("In addition to dismissal of the second suit, some courts have recognized that a stay or consolidation of the duplicative lawsuit may be appropriate, in the alternative."). If and when the Colorado Action is transferred to this District—where the case would have started had PerfX not filed its anticipatory action—the transferred action can be consolidated with this Case to eliminate any alleged duplication. Moreover, PerfX has also sought to transfer this Case to the District of Colorado. Until consolidation through transfer has been rejected, this Case should proceed.

## IV.   CONCLUSION

For the foregoing reasons, DynaEnergetics respectfully requests that the Court deny PerfX's Motion to Dismiss.

Dated: June 29, 2021

Respectfully submitted,

By:  */s/Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Barry J. Herman (admitted *pro hac vice*)
Maryland Federal Bar No. 26061
Julie C. Giardina (admitted *pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP

100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

Preston H. Heard (admitted *pro hac vice*)
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

Lisa J. Moyles (admitted *pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (admitted *pro hac vice*)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

***Attorneys for Plaintiffs DynaEnergetics Europe
GmbH and DynaEnergetics US, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/Eric H. Findlay*
Eric H. Findlay