# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03665

PERFX WIRELINE SERVICES, LLC,

    Plaintiff,

v.

DYNAENERGETICS US, INC.,
DYNAENERGETICS EUROPE GMBH,
and DMC GLOBAL INC.,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) TO THE WESTERN DISTRICT OF TEXAS

Defendants submit this Reply to PerfX's Opposition to Defendants' Motion to Transfer (Dkt. 28). The interest of justice overwhelmingly favors transfer of this anticipatory declaratory judgment action under 28 USC. § 1404(a) to the Western District of Texas ("W.D. Texas"), where it could be consolidated with other cases involving the same patent and legal issues. Maintaining a separate action in this District in addition to the W.D. Texas cases would require this Court to become familiar with the complex perforating technology at issue in W.D. Texas, engage in overlapping claim construction with W.D. Texas, rule upon the validity of the same patent at issue in W.D. Texas, and oversee a trial that would at least partially overlap with the W.D. Texas cases. Transfer to W.D. Texas would mitigate the risk of duplicative work and inconsistent rulings among federal courts, while also providing greater convenience to the witnesses and parties.

## I. ARGUMENT

### A. PerfX Originally Could Have Brought this Action in W.D. Texas

PerfX does not dispute that it originally could have brought this anticipatory declaratory judgment ("DJ") action in W.D. Texas. *See* Dkt. 25 ("Mot.") at 10-12; *see generally* Dkt. 28 ("Resp.").

### B. PerfX's Choice of Forum Is Entitled Little Weight

PerfX relies on the "great weight" it claims is due its choice of forum.[1] Resp. at 9-10. But, any deference owed to a plaintiff's chosen forum diminishes when the plaintiff's lawsuit is an anticipatory DJ action. *See* Mot. at 13-14; *see also, e.g.*, *Perez v. Ledesma*, 401 U.S. 82, 119 n.12 (1971) (Brennan, J. concurring) ("[T]he federal declaratory judgment is not a prize to the winner of a race to the courthouses...."); *Graceland College for Prof'l Dev. and Life-Long Learning, Inc. v. Intellectual Equities, Inc.*, 942 F. Supp. 1404, 1405 (D. Kan. 1996) ("The mere fact that [the accused infringer] filed its action first does not give [it] the right to dictate where [the patent owner's] infringement claim will be heard."); *EC Data Sys., Inc. v. J2 Glob., Inc.*, No. 12-cv-00446-PAB, 2012 WL 3764765, at *3 (D. Colo. Aug. 29, 2012) ("[T]he Seventh Circuit had held that 'a district court may choose to give little or *no* weight to a declaratory-judgment plaintiff's choice of forum in the section 1404(a) analysis'") (emphasis in original) (quoting *Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F. Supp. 2d 623, 631 (W.D. Mich. 2009)).

---

[1] PerfX cites two inapposite cases for this assertion. *ADE Corp. v. KLA-Tencor Corp.* is a non-binding Delaware case that notably was not a DJ action. 138 F. Supp. 2d 565, 573 (D. Del. 2001). *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.* likewise does not involve a DJ action filed for the purpose of anticipating a trial of the same issues in a court of concurrent jurisdiction. 618 F.3d 1153 (10th Cir. 2010).

PerfX erroneously states that the authority cited by Defendants regarding the reduced weight afforded to a declaratory judgment plaintiff's forum selection applies only when the selected forum "has no significant connection to material facts." Dkt. 28 at 9. That is unsupported by the caselaw. Courts give less weight to the plaintiff's choice of forum under certain circumstances, including when the plaintiff files an anticipatory declaratory judgment lawsuit or, separately, when the plaintiff's choice of forum has no significant connection to material facts. *See, e.g.*, *EC Data Sys.*, 2012 WL 3764765, at *3 (affording less deference to DJ plaintiff's choice of forum without analyzing whether the forum has a significant connection to material facts). Both circumstances are true here. Mot. at 12-14. The Court thus owes little deference to PerfX's choice to file this anticipatory DJ action in Colorado after receiving notice that DynaEnergetics Europe would file a patent infringement lawsuit in W.D. Texas.

Moreover, a plaintiff's choice of forum "is simply . . . a preference[,] . . . not a right." *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 358 (D.N.J. 1998) (citation omitted). Even if PerfX's lawsuit were not an anticipatory DJ action, PerfX's forum preference is not dispositive and is outweighed by factors in favor of transfer.

### C. DynaEnergetics US's Incorporation in Colorado Is Not Dispositive

DMC Global has no connection to the facts of this case and is not a proper party to this lawsuit. *See* Mot. at 10-12. This Section 1404 motion to transfer thus turns on the "interest of justice" and the "convenience of parties and witnesses" where:

- DynaEnergetics US is headquartered in Texas, has its flagship U.S. location in W.D. Texas, and is incorporated in Colorado (Mot. at 5-6);

3

- DynaEnergetics Europe is a foreign corporation; and
- PerfX is a Nevada limited liability company "located in North Dakota and Texas" and nominally headquartered in Denver, Colorado (Mot. at 7-9).

PerfX cites Delaware law for the proposition that "DynaEnergetics US chose Colorado as its legal residence and should not now complain that another corporation has decided to sue them in Colorado." Resp. at 3. However, even *ADE Corp. v. KLA-Tencor Corp.* recognizes that the defendant's status as a Delaware corporation "is not dispositive" of a Section 1404 motion. 138 F. Supp. 2d 565, 572-73 (D. Del. 2001); *see also In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011) (reversing denial of motion to transfer where district court placed too much weight on plaintiff's choice of forum and defendant's state of incorporation). DynaEnergetics US's incorporation in Colorado is not dispositive, and fairness and convenience dictate that PerfX's anticipatory DJ action be transferred to W.D. Texas.

### D.  Judicial Economy & Consistency Strongly Favor Transfer to W.D. Texas

Consideration of the interests of justice—e.g., judicial economy and consistency—can be <u>determinative</u> in motions to transfer, particularly in patent cases such as this one involving technical issues that will consume the Court's resources. Mot. at 14-17.

On December 15, 2020, when PerfX filed this anticipatory DJ action, the following lawsuits were the only pending lawsuits concerning the '697 Patent:

- On December 4, 2020, DynaEnergetics US and DynaEnergetics Europe (collectively, "DynaEnergetics") asserted the '697 Patent in W.D. Texas, *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, No. 6:20-cv-

4

01110-ADA (W.D. Tex., Waco Div.), which is pending before Judge Albright.[2]

- On December 14, 2020, G&H Diversified Manufacturing, LP filed a DJ action against DynaEnergetics in S.D. Texas, *G&H Diversified Manufacturing, LP v. DynaEnergetics Europe GmbH*, No. 3:20-cv-376 (S.D. Tex., Houston Div.).

Based on this December 15, 2020 snapshot, judicial economy would be served by transferring this Action to W.D. Texas, a "serious venue" for patent litigation, particularly in light of Judge Albright's expedited schedule for patent litigation milestones such as infringement and invalidity contentions and claim construction (not influenced by alleged COVID-19-related delays). Mot. at 15; *see also Cobe Labs., Inc. v. Baxter Int'l Inc.*, No. 89 N 2084, 1990 WL 100233, at *2 (D. Colo. 1990) (transferring case, including because "[i]t appears that the senior district judge presiding over the Illinois action is well-versed in cases involving intellectual property, having authored almost fifty decisions in this field"). Transfer of this Action to W.D. Texas would avoid judicial inefficiencies due to both courts having to expend resources to (1) become familiar with the complex perforation gun system technology at issue, (2) engage in claim construction of the '697 Patent, (3) potentially rule upon invalidity arguments regarding the '697 Patent, and (4) potentially oversee a trial with overlapping issues. Mot. at 15-16.

---

[2] PerfX states that *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC* is subject to a motion to dismiss (Resp. at 10), but DynaEnergetics has since filed a First Amended Complaint (No. 6:20-cv-01110-ADA, Dkt. 17 (W.D. Tex.)), to which the defendants in that case have not responded. Moreover, because considerations of judicial economy are based on an evaluation of the factors as of the filing date of the suit, even if the case were dismissed, such dismissal would not be relevant to this venue inquiry. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013).

Moreover, PerfX all but ignores judicial consistency in its Response, despite numerous courts emphasizing that the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication. *See* Mot. at 14-17; *see also EC Data Sys.*, 2012 WL 3764765, at *2 ("The Federal Circuit has stated in the context of patent suits that, in addition to convenience of the parties, 'the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.'") (quoting *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). Transfer of this Action to W.D. Texas would promote judicial consistency. Mot. at 15-17.

Since December 15, 2020, DynaEnergetics has filed eight more lawsuits asserting the '697 Patent, resulting in four total '697 Patent assertion cases in W.D. Texas before Judge Albright, three in N.D. Texas, and two in S.D. Texas. Dkt. 28-5. DynaEnergetics made a conscious effort to comply with the patent venue statute (28 U.S.C. § 1400) while minimizing the total number of venues concurrently litigating the '697 Patent. Contrary to PerfX's argument (Resp. at 11), maintaining this Action in this District—a fourth venue— would undoubtedly increase the risk of inconsistent rulings, the burden on judicial resources, and the cost and inconvenience to the witnesses and parties.

### E. W.D. Texas Is a More Convenient Forum

The convenience of parties and witnesses favors transfer of this case to the Waco Division of W.D. Texas. Mot. at 17-20. Defendants have identified witnesses in W.D.

6

Texas with knowledge or information relevant to the '697 Patent: Brian Engelkes[3], DynaEnergetics US's Plant Controller, and Gernot Burmeister[4], Vice President of North and South America Sales. Mot. at 6. Moreover, several DynaEnergetics US employees, as well as multiple third parties, located in W.D. Texas have discoverable information about, for example, (1) financial information relevant to reasonable royalty and lost profits analyses and (2) technical information relevant to commercial success of the '697 Patent and to whether the DynaStage® system practices the '697 Patent. While Defendants are not required to identify all potential witnesses at this stage of the case, additional witnesses possessing this information include: Todd Gooding, DynaEnergetics US Regional Sales Manager (Austin, TX); David Campbell, DynaEnergetics US Manufacturing Process Engineer (Blum, TX); and Bob Staats, DynaEnergetics US Technical Services Engineer (Blum, TX). Grieves Supp. Decl., ¶ 5.

PerfX primarily focuses on PerfX witnesses, stating that they are "the most significant in the transfer analysis." Resp. at 4-5. That is incorrect. "In analyzing the accessibility of witnesses, the convenience of non-party witnesses weighs more heavily than the convenience of parties and their employees." *Potter Voice Techs, LLC v. Apple, Inc.*, No. 12-cv-01096-REB-CBS, 2013 WL 1333483, at *2 (D. Colo. Mar. 29, 2013). PerfX failed to identify a single third-party witness, located in this District or elsewhere. Moreover, two of the four identified PerfX witnesses live and work outside of Colorado

---

[3] Mr. Engelkes lives in Burleson, TX, but works at DynaEnergetics' flagship U.S. location in Blum, TX, in W.D. Texas. Ex. A, Supplemental Declaration of Ian Grieves ("Grieves Supp. Decl."), ¶ 4; Dkt. 28-3.
[4] Mr. Burmeister has been deposed in multiple DynaEnergetics IP lawsuits, demonstrating his relevance to the case. *Id.*, ¶ 3.

7

(one is in Houston, Texas). All of the PerfX witnesses are current employees "and, thus, have other incentives to appear at trial such that the lack of compulsory process for them does not weigh heavily in favor of retaining the case here." *Aurora Bank FSB v. Home Loan Ctr., Inc.*, No. 12-CV-02888-CMA-MJW, 2013 WL 2014182, at *3 (D. Colo. May 14, 2013); *see also McMechen v. United States*, No. 06-cv-02209-LTB-MEH, 2007 WL 433123, at *3 (D. Colo. Feb. 2, 2007) (transferring venue where all pertinent witnesses other than plaintiff were located out of state); *Shesol v. I.V. House, Inc.,* No. 06-cv-02551-JLK, 2008 WL 410587, at *2-3 (D. Colo. Feb. 13, 2008) (transferring case because, *inter alia*, most relevant witnesses were located in transferee district).

PerfX does not dispute that many of the same DynaEnergetics and non-party witnesses likely will be relevant both to PerfX's DJ action and to the four pending '697 Patent cases in W.D. Texas. Mot. at 18-19. Transfer of this Action to W.D. Texas would lower the cost of witness attendance and would allow for coordination with the cases already pending there. *See Ervin & Assocs., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996). Moreover, all three of Defendants' witnesses identified by PerfX as residing in Colorado (Resp. at 7) are wholly irrelevant to this action, as demonstrated by, for example, DMC Global's Motion to Dismiss (Dkt. 24) and DynaEnergetics Canada, Inc. not being a named defendant. *See also* Grieves Supp. Decl., ¶ 2. The irrelevance of these witnesses is further supported by PerfX not including its own CFO, CLO, or CIO in its list of PerfX key witnesses. *See* Resp. at 5. PerfX wrongly asserts that Defendants do not "identify the typical witnesses … that a patent owner would typically identify" (Resp. at 8), while at the same time attempting to identify witnesses located in Colorado who possess

8

no relevant information in an attempt to keep the case in this District. PerfX cannot have its cake and eat it too. Many of Defendants' witnesses are located outside of both W.D. Texas and Colorado, but Defendants have identified multiple relevant witnesses in W.D. Texas, and several others who travel there regularly, whereas no relevant witnesses for Defendants reside in Colorado, and the relevant foreign witnesses travel to Colorado less frequently than to Texas. *See* Grieves Supp. Decl., ¶¶ 2, 4-7.

PerfX also cannot dispute its own significant presence in W.D. Texas. *See* Mot. at 7-9. In fact, as of February 7, 2020, PerfX had "doubl[ed] its presence in the Midland Basin" in W.D. Texas in the preceding two years. *See* Ex. B-1 to the Declaration of Barry Herman (Ex. B). PerfX regularly targets Midland and/or the Permian Basin (in W.D. Texas) in its XConnect advertising materials. *See, e.g.*, Dkt. 25 at 7; *see also* Exs. B-2 to B-6. PerfX tries to hide from this reality by stating that the "vast majority—80% to 90%— of the instances of shots fired for the XConnect product have been outside Texas, in North Dakota or Wyoming." Resp. at 6. But, this statement indicates that up to 20% of XConnect shots fired to date have been in Texas. Moreover, PerfX's claims cannot be reconciled with the fact that the Permian Basin is "North America's most-prolific oil field," with a substantially larger rig count than basins outside of W.D. Texas, Mot. at 7-8, and thus a significant portion of PerfX's infringing offers for XConnect sales are undoubtedly directed to customers in W.D. Texas.

Further, PerfX incorrectly states, "Defendants claim to have a product that embodies the '697 patent but are silent on any witness names or locations that have knowledge or information on the product." Resp. at 8. Defendants identified the patented

9

product as the DynaStage® system, which is manufactured in part, assembled, and distributed from the Blum facility in W.D. Texas (DynaEnergetics' flagship U.S. location) to customers primarily based in W.D. Texas. Mot. at 2, 5-6, 21.

Finally, the location of key documents is neutral, as the relevant documents likely are already in electronic form and thus can be produced and reviewed from any location without additional cost or burden. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992); *see also Carnrick v. Riekes Container Corp.*, No. 15-CV-01899-CMA-KMT, 2016 WL 740998, at *8 (D. Colo. Feb. 24, 2016). PerfX's argument that no sources of proof are located in W.D. Texas is both uncompelling and incorrect. *See* Mot. at 19. PerfX fails to explain, let alone substantiate, why any documents that may be located in Colorado materially alter the convenience analysis in this case. Therefore, the location of documents is neutral, and the convenience factors collectively weigh heavily in favor of transfer.

## II. CONCLUSION

Defendants respectfully request that the Court grant their Motion to Transfer.

Dated: March 19, 2021

Respectfully submitted,

*s/ Jonathon D. Bergman*
Jonathon D. Bergman
Aditi Kulkarni-Knight
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
Email: Jon.Bergman@dgslaw.com
Email: Aditi.Kulkarni@dgslaw.com

10

Barry J. Herman
Maryland Federal Bar No. 26061
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorneys for Defendants*

### **CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LPtR 17**

I hereby certify that this brief complies with the word count requirements set forth in District of Colorado Local Patent Rules 17 and contains approximately 2,886 words (opening brief, Dkt. 25, contained approximately 5,360 words).

*s/ Jonathon D. Bergman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2021 the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) TO THE WESTERN DISTRICT OF TEXAS** was filed and served via CM/ECF on the following:

Megan J. Redmond
Carrie A. Bader
ERISE IP, P.A.
7015 College Blvd, Suite 700
Overland Park, KS 66211
Email: megan.redmond@eriseip.com
Email: carrie.bader@eriseip.com

                                                    *s/ Melissa Kemp*