# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 1:20-cv-03665-RM-MEH

XCONNECT, LLC,

    Plaintiff,

v.

DYNAENERGETICS US, INC.,
DYNAENERGETICS EUROPE GMBH,
and DMC GLOBAL INC.,

    Defendants.

---

## ORDER

---

This matter is before the Court on Defendants' Motion to Transfer to the Western District of Texas (ECF No. 25), pursuant to 28 U.S.C. § 1404(a). Plaintiff has filed a response to the Motion (ECF No. 28) and Defendants have filed a reply (ECF No. 35). For the reasons stated below, the Motion is granted.

Under 28 U.S.C. § 1404(a), courts may transfer an action "[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought or . . . to which all parties have consented." In considering whether to transfer, courts may weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and . . . all other considerations of a practical nature that make a trial

easy, expeditious and economical.

*Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

This case concerns U. S. Patent No. 10,844,697 ("the '697 Patent"). Defendants request a transfer of this action for declaratory judgment of patent non-infringement to the Western District of Texas. Defendants assert the relevant factors weigh in favor of a transfer. Plaintiff disagrees, arguing that the relevant factors do not warrant a transfer. After considering all relevant factors, the Court agrees with Defendants.

Plaintiff does not dispute that this action at least as against DynaEnergetics US could have been brought in the Western District of Texas because the DynaEnergetics US headquarters is in Texas and its flagship location is in the Western District of Texas. Instead, Plaintiff argues its choice of forum should be entitled great weight in determining whether to transfer. While Plaintiff's choice of forum is an important factor in the Court's consideration, in a declaratory judgment action brought in anticipation of litigation in another district, less deference may be given to a plaintiff. *EC Data Sys., Inc. v. J2 Glob., Inc.*, No. 12-CV-00446-PAB, 2012 WL 3764765, at *3 (D. Colo. Aug. 29, 2012) ("Where two courts have concurrent jurisdiction over substantially similar actions, less deference may be given to a plaintiff who has filed a declaratory judgment in anticipation of litigation.").

The present action appears to be motivated at least in part by the hope of avoiding being sued in the Western District of Texas since Plaintiff filed its declaratory complaint after learning of Defendants' intent to bring an infringement claim for the '697 Patent.

Additionally, Defendants are currently availing themselves of the Western District of Texas court's jurisdiction in other cases involving the '697 Patent. Specifically, there are currently four other cases involving Defendants and the '697 Patent proceeding in the Western

2

District of Texas. *See DynaEnergetics Europe GmbH v. NexTier Oilfield Sols. Inc.*, No. 6:20-cv-01201-ADA (W.D. Tex.); *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, No. 6:20- cv-01110-ADA (W.D. Tex.); *DynaEnergetics Europe GmbH v. GR Energy Services Operating GP LLC*, No 6:21-cv-00085-ADA (W.D. Tex.); *DynaEnergetics Europe GmbH v. Rock Completion Tools*, LLC, No 6:21-cv-00084-ADA (W.D. Tex.). Those cases are all pending before Judge Alan D. Albright, and they have overlapping issues with this action. Thus, transferring this action would avoid having a second court engage in claim construction of the '697 Patent.

    Further, Plaintiff has facilities in the Western District of Texas, key witness and employees for the parties reside in Texas, and a considerable portion of the alleged infringing sales occurred in Texas. Therefore, considerations of judicial economy and convenience, and the interest of justice weigh in favor of transferring this case. Although Plaintiff's choice of forum is entitled some deference here, it is outweighed by those factors which weigh in favor of a transfer. Accordingly, it is ORDERED

(1) That Defendants' Motion to Transfer (ECF No. 25) is GRANTED; and

(2) That, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Western District of Texas where four related actions are proceeding before Judge Alan D. Albright.

DATED this 15th day of September, 2021.

                                                              BY THE COURT:

                                                               RAYMOND P. MOORE
                                                               United States District Judge