# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, | ) | |
| and DYNAENERGETICS US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 6:21-cv-00371-ADA |
| | ) | |
| PERFX WIRELINE SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES RELATED TO VENUE (Nos. 1-5)**

Pursuant to Fed. R. Civ. P. 33 and the Court's Amended Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases signed June 8, 2021 (the "Standing Order"), Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics or "Plaintiffs") hereby respond to Defendant PerfX Wireline Services, LLC's ("Defendant" or "PerfX") First Set of Interrogatories. The following responses reflect Plaintiffs' present knowledge, information, and belief and may be subject to change or modification based on Plaintiffs' further discovery, or on facts or circumstances that may come to Plaintiffs' knowledge or attention in the future. These responses are given without prejudice to their revision or supplementation upon further discovery or investigation, and shall not be deemed to constitute admissions that any statement or characterization is complete. Plaintiffs reserve the right to update, amend, or supplement these responses to include additional information that is obtained during discovery or investigation. However, Plaintiffs undertake no obligation to supplement, amend or modify its responses except as required by the Federal Rules of Civil Procedure or the Local Rules and any applicable orders of this Court.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each interrogatory, and to the "Definitions" contained in the Interrogatories, to the extent that they seek to impose obligations upon Plaintiffs that are in addition to, different from, inconsistent with, greater than, or not authorized by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Western District of Texas, applicable court orders, or stipulations or agreements of the parties.

2.      Plaintiffs object to each interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or the common-interest privilege. Nothing contained in these responses is intended to be, nor should be considered, a waiver of any attorney-client privilege, work-product protection, the common-interest privilege, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any interrogatory may be construed as calling for disclosure of information, documents, and/or things protected by such privileges or doctrines or other exclusions from discovery, a continuing objection to each such interrogatory is hereby asserted. Inadvertent disclosure of any such information, documents and/or things shall not operate as a waiver of any applicable privilege or immunity.

3.      Plaintiffs object to each interrogatory as premature to the extent it calls for the disclosure of expert testimony and opinions in violation of rules governing expert disclosure.

4.      Plaintiffs object to each interrogatory to the extent that it seeks information not relevant to any claim or defense or not proportional to the needs of the case. Such irrelevant information includes, but is not limited to, interrogatories that seek information beyond or outside the relevant temporal or geographic scope of this matter, and interrogatories that seek information not relevant to the subject matter of this litigation.

5.      Plaintiffs object to each interrogatory to the extent that it requires Plaintiffs to produce documents or disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Plaintiffs will provide such information after obtaining consent from any applicable third parties and subject to the protections and protocols in the protective order for this lawsuit.

6.      Plaintiffs object to each interrogatory to the extent that it seeks information already in PerfX's possession, or information that is a matter of public record or is otherwise equally available to PerfX.

7.      Plaintiffs generally object to each interrogatory to the extent that it is compound, or through the use of discrete subparts or otherwise exceeds the permissible number of interrogatories permitted by Fed. R. Civ. P. 33 or the Court's Case Management Order.

8.      Plaintiffs generally object to each interrogatory to the extent that it is overly broad, unduly burdensome, oppressive, or constitutes an abuse of process, particularly when the cost necessary to investigate is high compared to PerfX's need for the information.

9.      Plaintiffs object to each interrogatory as unlimited in time and therefore overbroad, unduly, burdensome, and as seeking information that is not relevant or proportional to the needs of this case, particularly during the limited discovery period relating to jurisdictional discovery.

10.     Plaintiffs further object to PerfX's requests, definitions, and instructions to the extent that they seek or are intended to elicit information or documents that are confidential, proprietary business and/or trade secret documents that are not relevant to these proceedings or the parties hereto.  To the extent that such documents or information are relevant to these proceedings, Plaintiffs object to producing such documents in the absence of a mutually agreeable protective order regarding confidentiality.

11.     Plaintiffs object to PerfX's definition of "Plaintiffs" as overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs will interpret these terms to refer only to DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.

12.     Plaintiffs object to each interrogatory to the extent it seeks information that is outside the limited scope of jurisdictional discovery permitted under Judge Albright's June 8, 2021 Standing Order when discovery is otherwise closed until after the conclusion of claim construction.

13.     The foregoing General Objections are incorporated by reference into each and every specific response that follows as if they had been expressly set forth therein. Plaintiffs' responses are made without waiving any General Objection. Moreover, Plaintiffs' responses should not be construed as a waiver of any claim of irrelevancy, competency, materiality, or admissibility of evidence.

## **INTERROGATORIES**

**INTERROGATORY NO. 1**:

Identify the name and locations of all of Plaintiffs' employees that designed, developed, manufactured, sold, offered for sale or used the commercial embodiments for the Asserted Patents.

## **RESPONSE:**

DynaEnergetics refers to and incorporates by reference the foregoing general objections as though fully set forth herein. DynaEnergetics objects to this interrogatory as overbroad, unduly burdensome, seeking information outside the limited scope of discovery for the narrow purposes of jurisdictional discovery, and disproportionate to the needs of the case because it is unlimited in time and would require DynaEnergetics to identify "each person involved" in the various business operations for the DynaStage products that embody the claims of U.S. Patent No. 10,844,697 (the "'697 Patent") and U.S. Patent No. D904,475 (the "'475 Patent"), which would comprise the majority of DynaEnergetics U.S. and European workforce, many of whom would not have

information relevant to the issues in this case or the jurisdictional analysis, or who would have information that is duplicative of the information in the possession of the individuals identified in response to Interrogatory No. 3 Below.

Subject to and without waiving the foregoing objections, DynaEnergetics directs Defendant to its responses to Interrogatory No. 3 and No. 4.  Responding further, DynaEnergetics states that given the nature of DynaEnergetics' business, nearly every employee of DynaEnergetics Europe GmbH and/or DynaEnergetics US, Inc. has some involvement (either directly or indirectly) in development, manufacturing, marketing, and/or sale of DynaEnergetics' DynaStage products that embody the claims of the '697 Patent and '475 Patent.  Pursuant to Federal Rule of Civil Procedure 33(d), DynaEnergetics states that the produced document bearing bates number DYNA_697_0084893 provides information that is responsive to this Interrogatory, including a listing of all DynaEnergetics' employees that maintain email accounts with the company as well as their area of employment.  The city listed with respect to each individual reflects one location at which that employee maintains a DynaEnergetics office, but not necessarily all locations.  For example, Gernot Burmeister, Vice President of North and South America Sales, lives and is based in Austin, Texas and routinely travels to DynaEnergetics' facilities in Blum, Texas, although his official work address is listed as Houston.  DynaEnergetics further employs a number of individuals who do not maintain DynaEnergetics' email accounts, primarily in the area of DynaStage-related manufacturing and primarily at its manufacturing facilities in Blum, Texas and Whitney, Texas.  These employees and their location of employment are described in response to Interrogatory No. 4 below, which is incorporated herein by reference.

**INTERROGATORY NO. 2**:

Identify the location and custodians of all documents which are maintained and relevant to this litigation and the Asserted Patents, including, but not limited to, the documents identified in Plaintiffs' Rule 26 disclosures in the Colorado Action.

**RESPONSE:**

      DynaEnergetics refers to and incorporates by reference the foregoing general objections as though fully set forth herein. DynaEnergetics objects to this interrogatory as overbroad, unduly burdensome, seeking information outside the limited scope of discovery for the narrow purposes of jurisdictional discovery, and disproportionate to the needs of the case because it is unlimited in time and requesting the identity of the location and custodians of "all" documents "relevant to this litigation" and '697 Patent and '475 Patent at this preliminary stage of the case.

      Subject to and without waiving the foregoing objections, DynaEnergetics directs Defendant to its response to Interrogatory No. 3 for the identity of the relevant custodians and their locations.  With respect to documents maintained in hard copy, all relevant documents are located in DynaEnergetics' facility in Blum, Texas, its facility in Troisdorf, Germany, in DynaEnergetics' office in Houston, Texas, or in the possession of the individual inventors of the '697 Patent that are employed by DynaEnergetics in various European locations.  Electronic versions of relevant documents are maintained on servers located in Virginia, and can be accessed from any DynaEnergetics location including Troisdorf, Blum, and Houston.

**INTERROGATORY NO. 3**:

Identify the location and name of all factual witnesses with pertinent knowledge of Plaintiffs' claims of infringement, validity of the Asserted Patents, Plaintiffs' knowledge of the prior art for the Asserted Patents, Plaintiffs' licensing, marketing, or sale of any commercial embodiments practicing either of the Asserted Patents, Plaintiffs' licensing of the Asserted Patents, and Plaintiffs' alleged damages.

**RESPONSE:**

DynaEnergetics refers to and incorporates by reference the foregoing general objections as though fully set forth herein. DynaEnergetics objects to this request as overbroad, unduly burdensome, seeking information outside the limited scope of discovery for the narrow purposes of jurisdictional discovery, and disproportionate to the needs of the case to the extent it seeks information related to invalidity positions and disclosures of third parties or any potential witnesses identified by third parties. DynaEnergetics further objects to this interrogatory to the extent it seeks contact information of individuals employed or formerly employed by DynaEnergetics and specifically objects to Defendant directly contacting these individuals.  Any individuals identified as being currently employed, or formerly employed by DynaEnergetics, may be contacted through the undersigned counsel.

Subject to the foregoing objections, DynaEnergetics directs Defendant to documents that will be produced in this litigation for the identity of individuals with knowledge of this case. Responding further, DynaEnergetics identifies the following individuals:

| Name, Address, and Telephone | Subject(s) of Information |
|---|---|
| Thilo Scharf<br>Product Line Director - Unconventional<br>DynaEnergetics Europe GmbH<br>Kaiserstraße 3<br>Troisdorf, Germany<br>+49.2241.1236.700 | • Named inventor on the '697 Patent and the '475 Patent<br>• Conception and development of the invention in the '697 Patent and the '475 Patent<br>• Testing and industry use of the invention claimed in the '697 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• PerfX's willful infringement of the '697 Patent and the '475 Patent |

| Name, Address, and Telephone | Subject(s) of Information |
|---|---|
| Liam McNelis<br>Vice President of R&D<br>DynaEnergetics Europe GmbH<br>Kaiserstraße 3<br>Troisdorf, Germany<br>+49.2241.1236.700 | • Named inventor on the '697 Patent and the '475 Patent<br>• Conception and development of the invention in the'697 Patent and the '475 Patent<br>• Testing and industry use of the invention claimed in the '697 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• PerfX's willful infringement of the '697 Patent and the '475 Patent |
| Ian Grieves<br>President<br>DynaEnergetics Europe GmbH<br>Kaiserstraße 3<br>Troisdorf, Germany<br>+49.2241.1236.700 | • DynaEnergetics' ownership, licensing, and enforcement of the '697 Patent and the '475 Patent<br>• Damages, including lost profits |
| Christian Eitschberger<br>Product Line Director - Unconventional<br>DynaEnergetics Europe GmbH<br>Kaiserstraße 3<br>Troisdorf, Germany<br>+49.2241.1236.700 | • Named inventor on the '697 Patent<br>• Conception and development of the invention in the '697 Patent<br>• Testing and industry use of the invention claimed in the '697 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success |
| Gernot Burmeister<br>Director of Sales, AME<br>DynaEnergetics US, Inc.<br>Austin, TX<br>512.327.2043 | • Sales and marketing of DynaEnergetics' products practicing the '697 Patent and the '475 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• Damages, including lost profits<br>• PerfX's willful infringement of the '697 Patent and the '475 Patent |
| Brian Engelkes<br>Plant Controller<br>DynaEnergetics US, Inc.<br>3580 HCR 1145 Loop North<br>Blum, TX 76627<br>254.727.7621 | • Financial information regarding DynaEnergetics' products practicing the '697 Patent and the '475 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• Damages, including lost profits<br>• PerfX's willful infringement of the '697 Patent and the '475 Patent |

| Name, Address, and Telephone | Subject(s) of Information |
|---|---|
| Todd Gooding<br>Regional Sales Manager<br>DynaEnergetics US, Inc.<br>1700 SW Mustang Drive<br>Andrews, TX 79714 | • Sales and marketing of DynaEnergetics' products practicing the '697 Patent and the '475 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• Damages, including lost profits<br>• PerfX's willful infringement of the '697 Patent |
| David Campbell<br>Manufacturing Process Engineer<br>DynaEnergetics US, Inc.<br>3580 HCR 1145 Loop North<br>Blum, TX 76627<br>817.648.8229 | • Manufacture and sales of DynaEnergetics' products practicing the '697 Patent and the '475 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• Damages, including lost profits |
| Jason Booher<br>Product Manager Unconventional Systems<br>DynaEnergetics US, Inc.<br>Oklahoma City, OK | • Testing and industry use of the invention claimed in the '697 Patent and the '475 Patent<br>• Non-obviousness of the '697 Patent, including industry praise and commercial success<br>• PerfX's willful infringement of the '697 Patent and the '475 Patent |
| Marcel Buerkler<br>Operations Director<br>DynaEnergetics US, Inc.<br>3580 HCR 1145 Loop North<br>Blum, TX 76627 | • Manufacture and sales of DynaEnergetics' products practicing the '697 Patent and the '475 Patent |
| Jerod Bright<br>DynaStage Assembly Plant Manager<br>DynaEnergetics US, Inc.<br>3580 HCR 1145 Loop North<br>Blum, TX 76627 | • Manufacture and sales of DynaEnergetics' products practicing the '697 Patent and the '475 Patent |
| Frank Preiss<br>Former Vice President<br>DynaEnergetics US, Inc.<br>An der Arndtruhe 20<br>Bonn 53175, Germany<br>+49.162.4166269<br>Contact through Counsel for DynaEnergetics | • Named inventor on the '697 Patent and the '475 Patent<br>• Conception and development of the invention in the '697 Patent and the '475 Patent |

Additionally, many of DynaEnergetics' customers, both direct (service companies) and indirect (exploration & production companies), as well as PerfX's direct customers (exploration & production companies) are based in the Western District or operate in the Western District, with Midland, Texas being the epicenter because of the Permian Basin. DynaEnergetics directs Defendant the document produced in this Action as DYNA_697_0084892 for the identity of these customers. These customers would have information relevant to the validity of the '697 Patent and '475 Patent in the form of secondary considerations of non-obviousness.

DynaEnergetics further directs Defendant to the prosecution history for the '697 Patent, produced in this Action as DYNA_697_0000001 and DYNA_697_0001235 as disclosing all material prior art known to DynaEnergetics during the prosecution of the '697 Patent and any potential witnesses relevant thereto. DynaEnergetics further directs Defendant to the prosecution history for the '475 Patent, produced in this Action as DYNA_697_0004097 as disclosing all material prior art known to DynaEnergetics during the prosecution of the '475 Patent and any potential witnesses relevant thereto.

**INTERROGATORY NO. 4:**

Identify all witnesses, including the address of each witness, Plaintiffs claim are located in the Western District of Texas and their alleged pertinent knowledge relevant to this litigation.

**RESPONSE:**

DynaEnergetics refers to and incorporates by reference the foregoing general objections as though fully set forth herein. DynaEnergetics objects to this request as overbroad, unduly burdensome, seeking information outside the limited scope of discovery for the narrow purposes of jurisdictional discovery, and disproportionate to the needs of the case because it is unlimited in time and would require DynaEnergetics to identify "all witnesses" that might have relevant knowledge.

Subject to and without waiving the foregoing objections, DynaEnergetics directs Defendant to its response to Interrogatory No. 3 above for the witnesses with relevant knowledge and their locations. Responding further, DynaEnergetics states that DynaEnergetics is a leader in the field of oil and gas well completion, perforating, well abandonment, and seismic technologies. DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, perforating hardware, shaped charges, and complete perforating systems for use in the oil and gas industry. In connection with its research and development efforts, DynaEnergetics has developed an innovative modular perforating gun system solution known as DynaStage®.

The DynaStage® perforating system is a fully PLUG AND GO™ system designed to alleviate labor costs, assembly time, maintenance and risk of misfire in order to substantially streamline operations. The DynaStage® system is a more reliable, shorter, lighter and easier-to-handle solution that can be used for natural completions or horizontal shale gas fracture stimulation. The DynaStage® perforating system has been very successful on the market, displacing sales of traditional gun systems at a high rate and garnering significant praise and positive feedback. The DynaStage® system has also received extensive publicity and positive press in the industry for its improved safety and ability to significantly reduce the risk of misruns, misfires, and human error.

In response to this success, DynaEnergetics committed substantial funding to support DynaStage® growth, nearly all of which was deployed within the Western District of Texas. This investment included new machinery and two automated shaped charge production lines to allow DynaEnergetics to support DynaStage® growth. This investment included funds for the construction of a new 74,000-squarefootstate of the art campus in Blum, Texas, which is in Hill

County, in this District. The new facilities, which overhauled and added to an existing, small DynaEnergetics facility, were opened on November 16, 2018, and primarily focus on the production of DynaStage® systems, with six new DynaStage® assembly lines and additional storage facilities to significantly expand capacity to meet long term customer demand. The DynaEnergetics' press release announcing the grand opening of the Blum facility explained that DynaEnergetics has "taken an important step toward our objective of becoming the employer of choice for this region."

Although DynaEnergetics US, Inc. is officially headquartered in Houston, Texas, the Blum facility is DynaEnergetics' flagship US location, with the largest number of employees and the largest footprint. As of the end of June 2021, the Blum facility employed 163 individuals, compared to 23 in Houston. In addition, DynaEnergetics hires temp workers throughout the year based on demand and capacity, and as of the end of June 2021 had an additional 30 temp workers in Blum. Certain components of DynaEnergetics' DynaStage® system are manufactured in the Blum facility, and the entire DynaStage® system (with the exception of the detonator) is completely assembled and tested at the Blum facility prior to shipment to customers. Further, DynaEnergetics' explosives storage, warehousing, shipping and handling, and main distribution hub are all based in Blum. DynaEnergetics has a smaller facility in Whitney, Texas, also located in Hill County, which likewise manufactures some of the DynaStage® hardware components. As of June 2021, the Whitney facility employed 49 individuals, and another 43 temp workers. Although all inventors of the '697 Patent live outside of the United States (Frank Preiss, who was most recently located in Houston, Texas, no longer works for DynaEnergetics and has repatriated to Germany), Thilo Scharf, Christian Eitschberger, and Liam McNelis—the three inventors currently employed by DynaEnergetics—regularly travel to the Blum facility, as does Ian Grieves,

President of DynaEnergetics.    Mssrs. Scharf, Eitchberger, and McNelis rarely travel to DynaEnergetics' Houston, Texas location as none of the business activities they are involved with relating to the development and design of the DynaStage products occurs in that location.

Other likely witnesses are located in the Western District and near Waco. Brian Engelkes, DynaEnergetics' Plant Controller, is based in Blum, Texas. Mr. Engelkes lives in Burleson, Texas and commutes to DynaEnergetics' facility in Blum, Texas, which is approximately 33 miles from Burleson.  Gernot Burmeister, Vice President of North and South America Sales, lives and is based in Austin, Texas (although his official work address is listed as the Houston HQ address), and travels weekly, frequently to Blum and Whitney. As a result of these facts, certain relevant documents, such as manufacturing and shipping documents, are located in Blum. Numerous DynaEnergetics employees, as well as multiple third parties, are located in the Western District of Texas and have knowledge about DynaEnergetics' financial and technical information. Todd Gooding, DynaEnergetics US's Regional Sales Manager, is based in Andrews, Texas. David Campbell, DynaEnergetics US's Manufacturing Process Engineer, is based in Blum, Texas. Jason Booher, Product Manager for Unconventional Systems (such as DynaStage), is currently located in Oklahoma City, Oklahoma but was hired with the expectation that he would be based in DynaEnergetics' facility in Blum, Texas.  To date the pandemic has restricted his ability to be in Blum weekly but he visits Blum as well as DynaEnergetics' location in Whitney, Texas regularly.

Many of DynaEnergetics' and PerfX's customers, direct (service companies) and indirect (exploration & production companies), are based in the Western District or operate in the Western District, with Midland, Texas being the epicenter because of the Permian Basin. In fact, an estimated 65-75% of DynaEnergetics' total annual revenue is derived from activity in the Western District of Texas. For example, in FY 2020, out of approximately $146 million in total revenue,

over $100 million was directly tied to products made in the Western District, sold to the Western District or deployed at drilling sites in the Western District. The vast majority of DynaEnergetics' business in the U.S. centers around Blum, Texas (the location of DynaEnergetics' flagship U.S. facility where DynaEnergetics' manufacturing occurs), or Midland, Texas (where the majority of DynaEnergetics' customer base is located. These customers of DynaEnergetics (and customers of PerfX also located here) would have information relevant to the validity of the '697 Patent in the form of secondary considerations of non-obviousness. DynaEnergetics directs Defendant the document produced in this Action as DYNA_697_0084892 for the identity of these customers.

**INTERROGATORY NO. 5**:

Describe the relationship between DMC Global, Inc. and DynaEnergetics, including, but not limited to, identification of all individuals who have responsibilities for DynaEnergetics and are employed by DMC Global, Inc., whether DMC Global, Inc. shares in revenues earned by DynaEnergetics, and whether DynaEnergetics maintains any employees or office space in Colorado.

**RESPONSE:**

DynaEnergetics refers to and incorporates by reference the foregoing general objections as though fully set forth herein. DynaEnergetics objects to this interrogatory as overbroad, unduly burdensome, seeking information outside the limited scope of discovery for the narrow purposes of jurisdictional discovery, and disproportionate to the needs of the case because it is unlimited in time. DynaEnergetics further objects to any assumption of facts or mischaracterization of facts implied by the interrogatory regarding any the relationship between DMC Global, Inc. and DynaEnergetics and by responding, DynaEnergetics is not admitting to the truth of any factual assertions in this interrogatory.

Subject to and without waiving the foregoing objections, DMC Global, Inc. is a global technology company that operates a family of technical product and process businesses serving

the energy, industrial, and infrastructure markets worldwide.  DMC Global has two segments, NobelClad and DynaEnergetics.  NobelClad is the world's expert in the highly specialized field of explosion welding and the largest manufacturer of explosion welded clad products. DynaEnergetics is the leading developer of advanced perforating systems utilized by oil & gas service businesses and exploration & production companies.  DynaEnergetics does not maintain its own office space in Colorado.  It has three employees located in Colorado: Keith Birlson in account sales; Chance Haby in technical field support; and Adam McQueen in business development.  These three individuals serve regional roles specific to the DynaEnergetics customers in the Rockies region.

DMC Global is the parent corporation of DynaEnergetics US, Inc. ("DynaEnergetics US") and DynaEnergetics Europe GmbH ("DynaEnergetics Europe"), which are DMC Global's wholly owned subsidiaries.  DynaEnergetics Europe is the owner of the '697 Patent and the '475 Patent by assignment.  DynaEnergetics Europe exclusively licenses the '697 Patent and the '475 Patent to DynaEnergetics US in North America.  DynaEnergetics Europe has developed an innovative modular perforating gun system solution known as DynaStage®, which incorporates technology claimed in the '697 Patent and '475 Patent. DynaEnergetics manufactures the DynaStage® system at its flagship US location in Blum, Texas.  DMC Global does not have any ownership rights in the '697 Patent or the '475 Patent.  DMC Global does not license or practice the '697 Patent or the '475 Patent. DMC Global does not make or sell any products, including the DynaStage® system, in the United States or elsewhere.  DMC Global does not share in the revenues of DynaEnergetics beyond being the ultimate recipient of DynaEnergetics' earnings in its role as corporate parent. DynaEnergetics has its own finance department, but outsources certain legal, IT, and finance/treasury needs to DMC Global in its role as parent/holding company.  None of these

services are directly related to DynaStage or to the products at issue in this action.  NobleClad is similarly structured and similarly relies on DMC Global for these services.  DynaEnergetics hereby incorporates by reference all facts set forth in DMC Global's Motion to Dismiss, filed in C.A. No. 1:20-cv-03665 (D. Col.) as well as the accompanying Declaration of Michael Kuta as though fully set forth herein.

Pursuant to Federal Rule of Civil Procedure 33(d), DynaEnergetics states that the produced documents bearing bates numbers  DYNA_697_0073348  –  DYNA_697_0074051  and DYNA_697_0084893 provide information that is responsive to this Interrogatory, including the public filings of DMC Global, Inc.

Dated: August 5, 2021                    Respectfully submitted,

                                         By:   _/s/ Barry J. Herman_____
                                         Eric H. Findlay
                                         Texas Bar No. 00789886
                                         Roger Brian Craft
                                         Texas Bar No. 04972020
                                         FINDLAY CRAFT P.C.
                                         102 N. College Avenue, Suite 900
                                         Tyler, TX 83402
                                         Telephone: (903) 534-1100
                                         Facsimile: (903) 534-1137
                                         Email: efindlay@findlaycraft.com
                                         Email: bcraft@findlaycraft.com

                                         Barry J. Herman (*pro hac vice*)
                                         Maryland Federal Bar No. 26061
                                         Stephanie M. Nguyen (*pro hac vice* to be filed)
                                         DC Bar No. 1046300
                                         Julie C. Giardina (*pro hac vice* to be filed)
                                         Maryland Federal Bar No. 21085
                                         WOMBLE BOND DICKINSON (US) LLP
                                         100 Light St, 26th Floor
                                         Baltimore, MD 21202
                                         Telephone: (410) 545-5830
                                         Email: Barry.Herman@wbd-us.com
                                         Telephone: (410) 545-5873
                                         Email: Stephanie.Nguyen@wbd-us.com
                                         Telephone: (410) 545-5802
                                         Email: Julie.Giardina@wbd-us.com

                                         Preston H. Heard (*pro hac vice*)
                                         Georgia Bar No. 476319
                                         Christine H. Dupriest (*pro hac vice*)
                                         Georgia Bar No. 874494
                                         WOMBLE BOND DICKINSON (US) LLP
                                         271 17th Street, NW, Suite 2400
                                         Atlanta, GA 30363
                                         Telephone: (404) 888-7366
                                         Email: Preston.Heard@wbd-us.com
                                         Telephone:
                                         Email: Christine.Dupriest@wbd-us.com

Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

*Attorneys for Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 5, 2021, I caused to be served true and correct copies of the

foregoing via email on the following counsel of record:

GILLAM & SMITH, LLP
Melissa R. Smith
melissa@gilliamsmithlaw.com

ERISE IP, P.A.
Megan J. Redmond
Carrie A. Bader
Nick R. Apel
megan.redmond@eriseip.com
carrie.bader@eriseip.com
nick.apel@eriseip.com


Date: August 5, 2021                          */s/ Barry J. Herman*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC. | § § § | |
| Plaintiffs, | § § | Civil Action No. 6:21-cv-00371-ADA |
| v. | § § | |
| PERFX WIRELINE SERVICES, LLC, | § § | |
| Defendant. | § § § | |

## VERIFICATION

The undersigned representative of DynaEnergetics Europe GmbH and DynaEnergetics US, Inc., Ian Grieves, hereby states under penalty of perjury that he is authorized to make this Verification on behalf of DynaEnergetics Europe GmbH and DynaEnergetics US, Inc., that he has reviewed *Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. Responses to Defendant PerfX Wireline Service's First Set of Interrogatories Related to Venue*, and that the facts contained therein are true and correct to the best of his knowledge, information, and belief.

This 3rd day of September, 2021

_____
Ian Grieves