# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PERFX WIRELINE SERVICES, LLC <br><br>Defendant. | ) ) ) ) ) ) ) Civil Action No.: 6:21-cv-00371-ADA ) ) ) ) ) ) |

**DEFENDANT PERFX'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF VENUE INTERROGATORIES**

Defendant PerfX Wireline Services, LLC ("Defendant"), by and through its undersigned counsel, objects and responds to Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.'s ("DynaEnergetics") First Set of Venue Interrogatories.

**OBJECTIONS AND ANSWERS**

**VENUE INTERROGATORY NO. 1**

Describe, in detail, all business activities carried out at or managed from the Midland, TX location listed on the Perfx Wireline Services, LLC website (attached as Exhibit A) or any other location leased, owned, or used by Defendant in the District, including but not limited to (1) the types of activities carried out at or managed from the location, (2) any activities related to the Accused Product or services performed using the Accused Products that are carried out at or managed from the location, (3) the identity of each employee or independent contractor of Defendant's carrying out such activities, (4) the employer of each such person, (5) the physical location in which each such person carries out its duties, and (6) any past or future plans to hire employees at this location or within this District.

**RESPONSE**: Defendant objects to this request as overbroad and irrelevant where it seeks information prior September 11, 2020 (the date the '697 patent issued) and December 8, 2021 (the date the '475 patent issued), as well as, information dating after the filing of the original Complaint

regarding the '697 patent in the District of Colorado on December 15, 2020, because that is the proper date to determine venue, and, for information related to the '475 patent, Defendant will provide information up to April 16, 2021, when the Western District of Texas Complaint was filed, adding that patent to the dispute. Defendant further objects to the definition of Accused Product(s) to the extent it includes "any similar pre-wired perforating gun system" where DynaEnergetics has only identified the XConnect Perforating Gun in its Complaint and the Asserted Patents have no claims directed to "pre-wired perforating gun systems." Defendant also objects to this interrogatory as vague, overbroad, irrelevant, and not proportional to the needs of the case to the extent it seeks "all business activities" without limitation. Defendant understands this to mean business activities which may be directly related to the XConnect Perforating Gun. Defendant additionally objects to this interrogatory as vague, overbroad, irrelevant, and not proportional to the needs of the case where it seeks "any past or future plans" without limitation given that venue is limited to the filing date of the Complaints, as noted above, and Defendant will limit its response to its business activities prior to April 16, 2021. Defendant objects to identifying each and every employee located at its Midland location, where the identification of employees, as opposed to identification of roles or responsibilities, has no relevance to the issue of venue.

Defendant states that, as of December 15, 2020 and April 16, 2021, it has two facilities (Texas and North Dakota) that provide wireline services and, particularly, pump down perforating services using a variety of perforating gun systems based on the requests and needs of its clients. Defendant further states that, in performing its pump down perforating services, it may use the XConnect Perforating Gun or universal gun barrels and charge tubes (assembled with other off-the-shelf components) by other suppliers, including Hunting Titan, GeoDynamics, SWM, G&H, or Yellowjacket. Additionally, Defendant's facilities also house a gun shop for the XConnect.

However, as noted in the declaration of Charlie Thomas, none of Defendant's higher level employees who make strategy, business, design, development, marketing or sales decisions regarding XConnect work at the Texas facility. As of December 15, 2020, the vast majority of Defendant's employees at both the Texas and North Dakota facilities performed tasks related to the wireline services portion of the business and not related to the accused XConnect Perforating Gun. As of the April 16, 2021 date, this is also true. Specifically, with respect to XConnect, as of December 15, 2020, Defendant had approximately 20 employees who worked in the Midland, Texas gun shop and approximately 12 employees who worked in North Dakota gun shop. Notably, none of the 20 employees in Texas are relevant witnesses to this dispute because they work under the direction of employees in the Colorado and North Dakota locations. As of the April 16, 2021 date, this is also true. As of the April 16, 2021 date, Defendant never sold or offered for sale the XConnect to any customer for purchase. Additionally, as noted in the declaration of Charlie Thomas and specifically incorporated by reference, decisions and strategy regarding the sales, marketing, design, testing and development of the XConnect all occurred by employees in Denver, Colorado and North Dakota. Likewise, as noted by Mr. Thomas documents relating to the development, design, functionality, testing, manufacture, sales, and marketing of the XConnect Perforating Gun are located at its headquarters in Denver, Colorado. Additionally, Defendant states that, pursuant to Fed. R. Civ. P. 33(d), it has produced its design and development documents, and will produce further documents, from which the answer to this interrogatory may be ascertained.

**VENUE INTERROGATORY NO. 2**:

Describe, in detail, all business activities carried or planned to be carried out by Defendant in the District not described in response to Interrogatory No. 1 and an explanation of why that activity is located or conducted in the District, including but not limited to (1) any fleets in operation in the Permian Basin, (2) any completed or planned expansion of Defendant's facilities in the Permian Basin, and (3) any activities or events held for customers, vendors, key contacts, or the public in the District.

**RESPONSE**: Defendant incorporates its objections from its response to Venue Interrogatory No. 1. Defendant further objects to this interrogatory as vague, irrelevant, and cumulative in its reference to "all business activities . . . not described in response to Interrogatory No. 1" as Defendant cannot discern which business activities would be relevant to this case and not be described in response to Venue Interrogatory No. 1 (which itself is not proportional to the needs of the case, irrelevant, vague, and overbroad as described above). Defendant further objects to this interrogatory as not proportional to the needs of the case and irrelevant to the extent it seeks activities "planned to be carried out" and "planned expansion[s]," as any plans which have not occurred and would have no bearing on the issue of venue, and Defendant limits its response to this interrogatory to business activities relating to the XConnect which occurred prior to April 16, 2021. Defendant also objects to this request as largely irrelevant where the "Permian Basin" includes at least parts of four counties in New Mexico, well outside of this District.

Defendant directs DynaEnergetics to its response to Venue Interrogatory No. 1. Defendant further states that, as of April 16, 2021, its customers have come to multiple locations to view Defendant's operations, including its locations in North Dakota, Midland, Texas, and Denver, Colorado. Defendant further states that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents from which the answers to this interrogatory may be ascertained.

**VENUE INTERROGATORY NO. 3**:

Identify each of Defendant's employees or independent contractors located or otherwise performing job-related duties in the District, including but not limited to (1) their job title, (2) their employer, (3) the location in which they carry out their duties, and (4) whether the employee's duties relate in any way to the Accused Products or services provided using the Accused Products.

**RESPONSE**: Defendant incorporates its objections from its response to Venue Interrogatory No. 1. Defendant further objects to this interrogatory as vague and irrelevant in its reference to "otherwise performing job-related duties" where that request is not limited to any issue relevant to venue. Defendant further objects to this interrogatory as vague in its reference to "whether the employee's duties relate in any way to the Accused Products or services provided using the Accused Products." Defendant understands this to mean manufacturing or using the XConnect Perforating Gun. Defendant objects to identifying each and every employee located at its Midland location, where the identification of employees, as opposed to identification of roles or responsibilities, has no relevance to the issue of venue.

Defendant directs DynaEnergetics to its response to Venue Interrogatory No. 1, as well as, its Opposition to DynaEnergetics' Motion to Transfer filed in *PerfX Wireline Services, LLC v. DynaEnergetics Europe* GmbH, Case No. 1:20-cv-03665 (D. Colo.), Dkt. 28. As of April 16, 2021, Defendant's employees in the Midland, Texas gun shop included primarily field engineers and wireline services employees and managers. Additionally, as of April 16, 2021, the following employees had job responsibilities relating to the XConnect:

- Tony Lopez, Manager – Gun Shop, Midland, Texas;
- Jason Wilcox, Manager – XConnect Assembly, Midland, Texas;
- James Crumm, Director – Gun Shop, North Dakota and Wyoming;
- Jason Harju, Manager – Gun Shop, North Dakota.

**VENUE INTERROGATORY NO. 4**:

Identify all wireline services performed or offered by Defendant since September 11, 2020 that used or proposed to use the Accused Products including but not limited to (1) contracts relating to such services, (2) communications conveying offers to provide such services, (3) the entity providing or offering to provide such services, (4) the entity receiving or to receive such services, (5) the location such services were provided or were proposed to be provided, and (5) the quantity of Accused Products used or proposed to be used in the performance of such services.

**RESPONSE**: Defendant incorporates its objections from its response to Venue Interrogatory No. 1. Defendant further objects to this interrogatory as vague in its references to "used or proposed to use the Accused Products," "proposed to be provided," and "proposed to be used." Defendant understands these to mean XConnect Perforating Guns which were used by Defendant in performing its wireline and pump down services.

Defendant directs DynaEnergetics to its response to Venue Interrogatory No. 1. Defendant further states that, pursuant to Fed. R. Civ. P. 33(d), it will produce documents from which the answer to this interrogatory may be ascertained. Defendant further directs DynaEnergetics to its publicly available advertising on its website and social media platforms.

<table>
<tr><td>Dated: July 22, 2021</td><td>Respectfully submitted,<br><br>**ERISE IP, P.A.**<br><br>*/s/Carrie A. Bader*<br>Carrie A. Bader (*pro hac vice*)<br>Megan J. Redmond (*pro hac vice*)<br>7015 College Blvd, Suite 700<br>Overland Park, KS 66211<br>Email: megan.redmond@eriseip.com<br>Email: carrie.bader@eriseip.com<br>Telephone: (913) 777-5600<br>Facsimile: (913) 777-5601<br><br>Melissa Smith<br>GILLAM & SMITH, LLP<br>Texas Bar No. 24001351<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Email: melissa@gillamsmithlaw.com<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>*ATTORNEYS FOR DEFENDANT*</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2021, I caused to be served true and correct copies of the foregoing via email on all counsel of record.

/s/ *Carrie A. Bader*
Carrie A. Bader

## **VERIFICATION**

I, Charlie Thomas, am the President of PerfX Wireline Services, LLC and am authorized to make this verification on behalf of PerfX.

There is no singular person at PerfX who can verify the accuracy of all PerfX's answers to these Interrogatories. However, I declare that the information contained in PerfX's answers to these Interrogatories has been collected by me or made available to me by others and that these answers are true and accurate as to the time they were served to the best of my knowledge and belief based upon the information made available to me.

I verify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _July 22nd, 2021_.

_____
Charlie Thomas