# EXHIBIT H

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  G&H DIVERSIFIED MANUFACTURING, LP,**
*Petitioner*

---

2021-176

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-01110-ADA, Judge Alan D. Albright.

---

## ON PETITION

---

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges*.

PER CURIAM.

## O R D E R

G&H Diversified Manufacturing, LP ("G&H") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its August 5, 2021, order denying transfer of the patent infringement claims brought against G&H to the United States District Court for the Southern District of Texas.  DynaEnergetics Europe GmbH and DynaEnergetics U.S., Inc. (collectively, "Dyna") oppose the petition.

2                    IN RE: G&H DIVERSIFIED MANUFACTURING, LP

## I

Dyna alleges infringement of a patent relating to components for a perforation gun system used in well bore perforating in oil well drilling operations. Dyna makes and sells its own perforating gun system from operations within the Western District of Texas. Although G&H's headquarters are in the Southern District of Texas, G&H maintains a distribution warehouse in the Western District of Texas from which it advertises and distributes its accused perforation systems.

Dyna's initial complaint in the Western District of Texas named only Yellow Jacket Oil Tools, LLC, as the defendant. G&H subsequently filed an action in the Galveston Division of the Southern District of Texas seeking a declaratory judgment that the accused products do not infringe. Dyna then amended its complaint in the Western District action to include G&H, and it filed third-party claims in the Galveston case against Yellow Jacket. G&H and Yellow Jacket subsequently moved in the Western District to dismiss or transfer the case to the Southern District. They explained that G&H manufactures and sells the accused products and that Yellow Jacket is just a holding company that engages in no business operations.

In its August 5, 2021, order, the district court concluded that venue was not proper in the Western District with respect to Yellow Jacket. The court then severed the claims against Yellow Jacket and transferred those claims to the Houston Division of the Southern District of Texas. The court then concluded that G&H had failed to show that it would be clearly more convenient to try the remaining claims in the Southern District of Texas, and the court therefore denied G&H's transfer request. Dyna has since moved to drop all claims against Yellow Jacket with prejudice in the Houston and Galveston cases.

IN RE: G&H DIVERSIFIED MANUFACTURING, LP                    3

## II

The legal standard that must be shown to obtain mandamus relief is demanding. The petitioner must demonstrate, among other things, that its right to relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted). Under applicable Fifth Circuit law, we review the district court's transfer determination only to see if there was a "clear abuse of discretion" that resulted in a "patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc).

The district court considered the relevant set of private and public-interest factors and, after reasonably weighing them, concluded that G&H had failed to show good cause to transfer the case under the governing legal standard. G&H has not provided compelling reasons to disagree with most of those determinations, which turn largely on fact-intensive matters, particularly in light of the exacting standard of review that applies on mandamus.

The district court found that the Southern District of Texas had no comparative advantage over the Western District of Texas with respect to the convenience of potential willing witnesses because a number of employees of the parties in the Western District of Texas could be potential witnesses in the case. G&H has not made a persuasive case that the district court clearly abused its discretion in making that determination. G&H challenges whether some of those employees have relevant and material information. Mindful of the standard of review, however, we decline to exercise mandamus power to disturb such findings. *See In re Apple Inc.*, 818 F. App'x 1001, 1004 (Fed. Cir. 2020).

The district court also found that the Western District of Texas had a greater local interest in adjudicating this case than the Southern District of Texas. The district court based that finding on what it determined to be significant connections between the forum and the events giving rise

to the dispute in this case. In particular, the district court noted that "DynaEnergetics manufactures and assembles all competing DynaStage products in the WDTX." App. 14. The district court also found that "[t]he harm and financial impacts from the alleged infringement are primarily felt in the WDTX." *Id.* In that regard, the court noted that the great bulk of Dyna's revenue is directly tied to products that are made in the Western District of Texas and sold or deployed to drilling sites in the Western District of Texas. *Id.* G&H has not shown clear error in those findings. Instead, G&H relies on inapposite cases holding that the sale in a particular district of an accused product that is offered nationwide does not by itself give rise to a substantial local interest on the part of that district.

We agree with G&H that, in assessing the compulsory-process factor, the district court erred in categorically rejecting the relevance of prior art witnesses who were identified as located in the Southern District of Texas. *See In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021). Nonetheless, because both forums are in Texas and denial of a transfer would not result in a substantial burden on witnesses required to travel from Houston to Waco for trial, we cannot say G&H has shown that the compulsory-process factor clearly weighs in favor of transfer. Under the Federal Rules of Civil Procedure, a court in the Western District of Texas can subpoena a person to attend a trial, hearing, or disposition within the state where the person resides, is employed, or regularly transacts business in person, if the person is commanded to attend a trial and would not incur a substantial expense. *See* Fed. R. Civ. P. 45(c)(1)(B)(ii).

G&H also argues that the district court erred in not weighing judicial economy considerations in favor of transfer. But it is not clear that judicial economy would be served by a transfer. Dyna has multiple pending cases in the Western District of Texas in which it has asserted the same patent against other defendants. Moreover, it is not

evident that, as G&H asserts, denial of its transfer motion will result in three separate cases involving the same parties and issues proceeding simultaneously. Dyna has asked to drop all claims against Yellow Jacket in its cases in Southern Texas. Dyna has also moved to dismiss or transfer the Galveston case under the first-to-file rule, and the district court in that case has stayed proceedings pending this petition.

In sum, G&H has failed to satisfy the standard required to justify the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 27, 2021                /s/ Peter R. Marksteiner
        Date                      Peter R. Marksteiner
                                  Clerk of Court

s31